IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CATHY CLEILAND, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| LIFE INSURANCE COMPANY OF NORTH | ) | 2:07-CV-00486-MEF-SRW |
| AMERICA, CIGNA CORPORATION, | ) | |
| CIGNA HOLDINGS, TEMPLE-INLAND | ) | |
| DISABILITY HEALTH AND WELFARE | ) | |
| PLAN, and TEMPLE INLAND FOREST | ) | |
| PRODUCTS CORPORATION, | ) | |
| | ) | |
|     Defendant. | ) | |

LIFE INSURANCE COMPANY OF NORTH AMERICA'S
ANSWER TO PLAINTIFF'S COMPLAINT

Life Insurance Company of North America ("LINA" or "Defendant"), by and through its counsel, submits this Answer to Plaintiff's Complaint. Unless expressly admitted herein, LINA denies the material allegations of the Complaint and demands strict proof thereof. LINA responds to the individually numbered allegations of the Complaint as follows:

## I. INTRODUCTION

1.      LINA admits that this action is properly brought under ERISA, but denies that Plaintiff is due any relief under said statute, or any relief whatsoever. LINA further admits that while employed with TIN, Inc., formerly known as Temple-Inland Forest Products Corporation, Plaintiff was a participant in its Group Long-Term Disability Plan (the "Plan"). LINA denies the remaining allegations in paragraph 1 of Plaintiff's Complaint.

1

## II. JURISDICTION

2.      LINA admits that federal jurisdiction is proper in this case and that this case is properly brought under ERISA, but denies that Plaintiff is due any relief under said statute, or any relief whatsoever.

## III. VENUE

3.      LINA is without sufficient knowledge to admit or deny the allegations in paragraph 3 of Plaintiff's Complaint.

4.      LINA admits that it does business in the state of Alabama, but is without sufficient knowledge to admit or deny the remaining allegations in paragraph 4 of Plaintiff's Complaint.

## IV. PARTIES

5.      Upon information and belief, LINA admits the allegations in paragraph 5 of Plaintiff's Complaint.

6.      LINA admits that it is a corporation incorporated and existing under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

7.      To the extent the allegations in paragraph 7 of Plaintiff's Complaint constitute legal theories and conclusions, LINA states that no response is required.  LINA admits that it is an insurance company authorized to do business in the State of Alabama.

8.      LINA admits that it issued Group Policy No. FLK-020104 ("Policy") to insure the long-term disability component of the Plan.  LINA admits the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9.      LINA admits the corporate information for Cigna Corporation, but states that such information is irrelevant to this action.  In further response, and for purposes of clarification,

LINA states that it, not Cigna Corporation, issued Group Policy No. FLK-020104 and administers long-term disability claims under said policy.

10.    Denied.  In further response, and for purposes of clarification, LINA states that it, not Cigna Corporation, issued Group Policy No. FLK-020104 and administers long-term disability claims under said policy.

11.    Denied.  In further response, and for purposes of clarification, LINA states that it, not Cigna Corporation, issued Group Policy No. FLK-020104 and administers long-term disability claims under said policy.

12.    Denied.

13.    Denied.

14.    Denied.

15.    LINA admits that Temple-Inland Disability Health and Welfare plan is an "employee welfare benefit plan" under ERISA, and denies that said plan is a "pension plan". The remaining allegations of paragraph 15 of Plaintiff's Complaint do not assert facts and claims relating to LINA and do not require a response from this defendant.

16.    LINA admits that Temple-Inland Forest Products Corporation, now known as TIN, Inc., was the Plan Administrator for the Plan.  The remaining allegations of paragraph 16 of Plaintiff's Complaint do not assert facts and claims relating to LINA and do not require a response from this defendant.

### V.  STATEMENT OF FACTS

17.    LINA admits that Plaintiff has experienced various medical conditions, but specifically denies that she is eligible for disability benefits pursuant to the terms and conditions of the Policy and Plan.

18.    LINA admits that Plaintiff has experienced various medical conditions, but specifically denies that she is eligible for disability benefits pursuant to the terms and conditions of either the Policy or Plan.

19.    Upon information and belief, LINA admits the allegations in paragraph 19 of Plaintiff's Complaint.

20.    In response to the allegations in paragraph 20 of Plaintiff's Complaint, LINA states that Plaintiff's medical records included in the Administrative Record will speak for themselves.

21.    In response to the allegations in paragraph 21 of Plaintiff's Complaint, LINA states that Plaintiff's medical records included in the Administrative Record will speak for themselves.

22.    In response to the allegations in paragraph 22 of Plaintiff's Complaint, LINA states that Plaintiff's medical records included in the Administrative Record will speak for themselves.

23.    In response to the allegations in paragraph 23 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.

24.    LINA admits that it sent Plaintiff a letter dated May 27, 2003, but states that said letter speaks for itself.

25.    LINA admits that it sent Plaintiff a letter dated June 4, 2003, but states that said letter speaks for itself.

26.    In response to the allegations in paragraph 26 of Plaintiff's Complaint, LINA states that its letter dated June 4, 2003 speaks for itself.  In further response and for purposes of

clarification, LINA states that it administered the self-insured Temple-Inland Short Term Disability Plan under Administrative Services Agreement SHD 020035.

27.    In response to the allegations in paragraph 27 of Plaintiff's Complaint, LINA states that Plaintiff's medical records included in the Administrative Record will speak for themselves.

28.    LINA admits that it sent Plaintiff a letter dated August 12, 2003, but states that said letter speaks for itself.

29.    LINA admits the allegations in paragraph 29 of Plaintiff's Complaint.

30.    LINA denies that Plaintiff has quoted the complete definition of "Disability" in Policy No. FLK 020104, and in further response states that the Policy speaks for itself.

31.    LINA admits that Plaintiff has experienced various medical conditions, but specifically denies that she is eligible for disability benefits pursuant to the terms and conditions of either the Policy or Plan.

32.    LINA admits that it sent Plaintiff a letter dated October 2, 2003, but states that said letter speaks for itself.

33.    In response to the allegations in paragraph 33 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.

34.    LINA admits that it approved Plaintiff's claim for benefits by letter dated November 26, 2003 but states that said letter speaks for itself.

35.    In response to the allegations in paragraph 35 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself with respect to Plaintiff's claim for Social Security disability benefits.

36.     In response to the allegations in paragraph 36 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself with respect to Plaintiff's claim for Social Security disability benefits.

37.     In response to the allegations in paragraph 37 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself with respect to Plaintiff's claim for Social Security disability benefits.

38.     In response to the allegations in paragraph 38 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself with respect to Plaintiff's claim for Social Security disability benefits.  By way of further answer, the criteria for determining eligibility for social security disability benefits are judicially recognized as substantially different from the criteria established by most insurance plans.  *Pari-Fasano v. ITT Hartford*, 230 F.3d 415 (1st Cir. 2000).  Accordingly, evidence of an award of disability benefits by the Social Security Administration has no binding effect on a plan's decision to discontinue benefits.  *Id.*; *Whatley v. CNA Ins.*, 189 F.3d 1310 (11th Cir. 1999); *Paramore v. Delta Air Lines*, 129 F.3d 1446 (11th Cir. 1997).

39.     LINA admits that it sent Plaintiff a letter dated June 1, 2004, but states that said letter speaks for itself.

40.     LINA admits that it paid Plaintiff long-term disability benefits from November 10, 2003 until her benefits were terminated pursuant to the terms and conditions of her coverage by letter dated December 7, 2005.

41.     In response to the allegations in paragraph 41 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.

42.    In response to the allegations in paragraph 42 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.

43.    LINA admits that it sent Plaintiff a letter dated May 18, 2005, but states that said letter speaks for itself.

44.    In response to the allegations in paragraph 44 of Plaintiff's Complaint, LINA states that the Policy speaks for itself.

45.    LINA admits that it sent Plaintiff a letter dated June 17, 2005, but states that said letter speaks for itself.

46.    LINA admits that it sent Plaintiff a letter dated September 21, 2005, but states that said letter speaks for itself.

47.    LINA admits that by letter dated December 7, 2005, it terminated Plaintiff's long-term disability benefits pursuant to the terms and conditions of the applicable coverage.  LINA denies the remaining allegations in paragraph 47 of Plaintiff's Complaint and demands strict proof thereof.

48.    LINA denies the allegations in paragraph 48 of Plaintiff's Complaint and demands strict proof thereof.

49.    LINA is without knowledge sufficient to admit or deny the allegations in paragraph 49 of Plaintiff's Complaint, and therefore denies the same.

50.    In response to the allegations in paragraph 50 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.

51.    In response to the allegations in paragraph 51 of Plaintiff's Complaint, LINA states that its letter dated December 7, 2005 speaks for itself.

52.     In response to the allegations in paragraph 52 of Plaintiff's Complaint, LINA states that its letter dated December 7, 2005 speaks for itself.

53.     LINA admits the allegations in paragraph 53 of Plaintiff's Complaint.

54.     In response to the allegations in paragraph 54 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.

55.     LINA admits the it upheld its decision to terminate Plaintiff's claim for long-term disability benefits by letter dated March 10, 2006, and states that said letter speaks for itself. LINA further admits that Plaintiff exhausted her administrative remedies.

56.     LINA admits that Plaintiff has experienced various medical conditions, but specifically denies that she is eligible for disability benefits pursuant to the terms and conditions of the Policy and Plan.

57.     LINA admits that Plaintiff has experienced various medical conditions, but specifically denies that she is eligible for disability benefits pursuant to the terms and conditions of the Policy and Plan.

58.     LINA admits that Plaintiff has experienced various medical conditions, but specifically denies that she is eligible for disability benefits pursuant to the terms and conditions of the Policy and Plan.

59.     LINA admits that it terminated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable coverage.  LINA denies the remaining allegations in paragraph 59 of Plaintiff's Complaint and demands strict proof thereof.

60.     In response to the allegations in paragraph 60 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.

61.     LINA admits the allegations in paragraph 61 of Plaintiff's Complaint.

62.    In response to the allegations of paragraph 62 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself with respect to the duties of Plaintiff's former occupation.

63.    LINA denies the allegations in paragraph 63 of Plaintiff's Complaint and demands strict proof thereof.

64.    LINA denies the allegations in paragraph 64 of Plaintiff's Complaint and demands strict proof thereof.

65.    To the extent the allegations in paragraph 65 of Plaintiff's Complaint constitute legal theories and conclusions, no response is required.  LINA denies the remaining allegations in paragraph 65 of Plaintiff's Complaint and demands strict proof thereof.

66.    To the extent the allegations in paragraph 66 of Plaintiff's Complaint constitute legal theories and conclusions, no response is required.  In response to the remaining allegations in paragraph 66 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.

67.    In response to the allegations in paragraph 67 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself.  To the extent the allegations in this paragraph imply, implicitly or explicitly, liability on the part of LINA, said allegations are expressly denied.

68.    LINA denies the allegations in paragraph 68 of Plaintiff's Complaint.  In further response, and for purposes of clarification, LINA states that it, not Cigna Corporation, issued Group Policy No. FLK-020104 and administers long-term disability claims under said policy.

69.    LINA denies the allegations in paragraph 69 of Plaintiff's Complaint, and demands strict proof thereof.

## VI. CAUSE OF ACTION
### COUNT I

### (A) ACTION FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

70.     In response to the allegations of paragraph 70 of Plaintiff's Complaint, LINA reasserts its responses to paragraphs 1 through 69 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

71.     LINA admits that the Plan is an "employee welfare benefit plan" under ERISA, and denies that said plan is a "pension plan".

72.     LINA admits that while employed at TIN, Inc., formerly known as Temple-Inland Forest Products Corporation, she was a participant in the Plan as that term is defined under ERISA.

73.     LINA denies the allegations in paragraph 73 of Plaintiff's Complaint and demands strict proof thereof.

74.     LINA denies the allegations in paragraph 74 of Plaintiff's Complaint and demands strict proof thereof.

75.     LINA denies the allegations in paragraph 75 of Plaintiff's Complaint and demands strict proof thereof.

76.     LINA denies the allegations in paragraph 76 of Plaintiff's Complaint and demands strict proof thereof.

77.     LINA denies the allegations in paragraph 77 of Plaintiff's Complaint and demands strict proof thereof.

78.     LINA denies the allegations in paragraph 78 of Plaintiff's Complaint and demands strict proof thereof.

79.     LINA denies the allegations in paragraph 79 of Plaintiff's Complaint and demands strict proof thereof.

80.     LINA denies the allegations in paragraph 80 of Plaintiff's Complaint and demands strict proof thereof.

81.     LINA denies the allegations in paragraph 81 of Plaintiff's Complaint and demands strict proof thereof.

### (B) JOINT AND SEVERAL LIABILITY AS TO ALL DEFENDANTS

82.     LINA denies the allegations in paragraph 82 of Plaintiff's Complaint, and specifically denies that CIGNA is a proper party to this action.

83.     LINA denies the allegations in paragraph 83 of Plaintiff's Complaint and demands strict proof thereof.

84.     LINA denies the allegations in paragraph 84 of Plaintiff's Complaint and demands strict proof thereof.

85.     LINA denies the allegations in paragraph 85 of Plaintiff's Complaint and demands strict proof thereof.

86.     LINA denies the allegations in paragraph 86 of Plaintiff's Complaint and demands strict proof thereof.

87.     The allegations in paragraph 87 of Plaintiff's Complaint constitute legal theories and conclusions, and therefore, no response is required.

88.     The allegations in paragraph 88 of Plaintiff's Complaint constitute legal theories and conclusions, and therefore, no response is required.

89.     The allegations in paragraph 89 of Plaintiff's Complaint constitute legal theories and conclusions, and therefore, no response is required.

90.     The allegations in paragraph 90 of Plaintiff's Complaint constitute legal theories and conclusions, and therefore, no response is required.

91.     LINA denies the allegations in paragraph 91 of Plaintiff's Complaint and demands strict proof thereof.

92.     LINA denies the allegations in paragraph 92 of Plaintiff's Complaint and demands strict proof thereof.

93.     In response to the allegations in paragraph 93, LINA admits that "CIGNA" and "CIGNA Group Insurance" are service marks and states that neither CIGNA nor CIGNA Group Insurance are proper parties to this action.  In further response, LINA states that the correspondence in the Administrative Record speaks for itself.

## COUNT II

## CAUSE OF ACTION FOR FAILURE TO PROVIDE PLAN DOCUMENTS

## UNDER 29 U.S.C. § 1132(c)

94.     In response to the allegations of paragraph 94 of Plaintiff's Complaint, LINA reasserts its responses to paragraphs 1 through 93 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

95.     The allegations of paragraph 95 of Plaintiff's Complaint do not assert facts and claims relating to LINA and do not require a response from this defendant.  To the extent a response is deemed required from this defendant, LINA denies the allegations in paragraph 95 of Plaintiff's Complaint and demands strict proof thereof.

96.     In response to the allegations in paragraph 96 of Plaintiff's Complaint, LINA states that 29 C.F.R. 2560.503-1(h)(2)(iii) speaks for itself.

97.    In response to the allegations in paragraph 97 of Plaintiff's Complaint, LINA states that 29 C.F.R. 2560.503-1(m)(8) speaks for itself.

98.    The allegations of paragraph 98 of Plaintiff's Complaint do not assert facts and claims relating to LINA and do not require a response from this defendant. To the extent a response is deemed required from this defendant, LINA denies the allegations in paragraph 98 of Plaintiff's Complaint and demands strict proof thereof.

99.    The allegations in paragraph 99 of Plaintiff's Complaint constitute legal theories and conclusions, and therefore, no response is required. To the extent the allegations in paragraph 99 of Plaintiff's Complaint imply, implicitly or explicitly, liability on the part of LINA, said allegations are expressly denied.

100.    The allegations in paragraph 100 of Plaintiff's Complaint constitute legal theories and conclusions, and therefore, no response is required. To the extent the allegations in paragraph 100 of Plaintiff's Complaint imply, implicitly or explicitly, liability on the part of LINA, said allegations are expressly denied.

## COUNT III

### EQUITABLE ESTOPPEL

101.    In response to the allegations of paragraph 101 of Plaintiff's Complaint, LINA reasserts its responses to paragraphs 1 through 100 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

102.    In response to the allegations of paragraph 102 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself. To the extent the allegations in paragraph 102 of Plaintiff's Complaint imply, implicitly or explicitly, liability on the part of LINA, said allegations are expressly denied.

103.    LINA denies the allegations in paragraph 103 of Plaintiff's Complaint and demands strict proof thereof.

104.    LINA denies the allegations in paragraph 104 of Plaintiff's Complaint and demands strict proof thereof.

105.    LINA admits that Plaintiff was awarded disability benefits from the Social Security Administration, but denies the remaining allegations in paragraph 105 of Plaintiff's Complaint and demands strict proof thereof.

106.    In response to the allegations of paragraph 106 of Plaintiff's Complaint, LINA states that the Administrative Record speaks for itself regarding Plaintiff's award of social security benefits and the resulting overpayment from LINA.   LINA denies the remaining allegations of paragraph 106 of Plaintiff's Complaint and demands strict proof thereof.

107.    LINA denies the allegations in paragraph 107 of Plaintiff's Complaint and demands strict proof thereof.

**COUNT VII**

**PRAYER FOR RELIEF**

In response to the unnumbered "Wherefore" clause under Count VII of Plaintiff's Complaint and subparts (a) – (k) therein, LINA states that Plaintiff is not due the relief requested therein or any relief whatsoever.  LINA further states that Plaintiff's Complaint is due to be dismissed.

**<u>AFFIRMATIVE DEFENSES</u>**

**<u>FIRST DEFENSE</u>**

LINA pleads that Plaintiff's claim for equitable estoppel is preempted by ERISA and is due to be dismissed.

## SECOND DEFENSE

Defendant pleads that the transaction alleged was voluntarily undertaken, that the Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiff, that the terms of the Plan were fully disclosed to the Plaintiff, that the Plaintiff knowingly entered into the transaction, having either understood the transaction or having failed to avail herself of the opportunity to understand the transaction.

## THIRD DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

## FOURTH DEFENSE

Plaintiff is barred from recovery in this action because of her failure to mitigate her alleged damages, if any.

## FIFTH DEFENSE

In further answer, and in the alternative, LINA states that all actions taken were in accord with the Policy's provisions, the denial of Plaintiff's claim for benefits was correct, legitimate and reasonable and not arbitrary nor capricious, and there was no abuse of discretion in the administration of the Policy or Plan with respect to Plaintiff.

## SIXTH DEFENSE

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the 24 month mental illness limitation, alcoholism and drug abuse limitation, recoupment, and offset provisions as provided for in the Policy.

## SEVENTH DEFENSE

Plaintiff's claims and demands for relief are preempted and governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to the provisions of 29 U.S.C. Section 1001, *et seq.*

## EIGHTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue and as Plaintiff is not disabled pursuant to the terms and provisions of the employee welfare benefit plan at issue.

## NINTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## TENTH DEFENSE

Plaintiff's claims are barred because Defendant discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## ELEVENTH DEFENSE

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## TWELFTH DEFENSE

Defendant asserts that Plaintiff failed to demonstrate eligibility for benefits under the terms and provisions of the Plan.

## THIRTEENTH DEFENSE

Defendant denies each and every allegation in Plaintiff's Complaint except as specifically admitted herein.

## FOURTEENTH DEFENSE

Defendant denies it is required to respond to the allegations in Plaintiff's Complaint to the extent the allegations constitute legal conclusions.

## FIFTEENTH DEFENSE

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Defendant such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

## SIXTEENTH DEFENSE

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendant reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

## SEVENTEENTH DEFENSE

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

## EIGHTEENTH DEFENSE

The termination of Plaintiff's claims was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Plan, and within the decision maker's discretion under the terms of the Plan.

## NINETEENTH DEFENSE

The factual determinations and interpretations of the Plan were the correct and best interpretations of the Plan's terms and available evidence.

### TWENTIETH DEFENSE

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

### TWENTY-FIRST DEFENSE

Plaintiff is not entitled to extracontractual or compensatory damages under ERISA.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for statutory penalties are barred by absence of any harm or prejudice as a result of any delay or failure in providing the documents requested.

### TWENTY-THIRD DEFENSE

Plaintiff's claims for statutory penalties are barred because she cannot demonstrate that Defendants acted in bad faith in delaying or failing to provide the documents requested.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims for statutory penalties are barred by her ineligibility for any benefits under the Plan.

### TWENTY-FIFTH DEFENSE

Any award of penalties in the present case would not further the purposes of 29 U.S.C. § 1132(c).

### TWENTY-SIXTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

### TWENTY-SEVENTH DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

## TWENTY-EIGHTH DEFENSE

LINA reserves the right to assert other defenses and claims when and if they become appropriate during this action.  LINA hereby specifically denies any allegations contained in the Complaint which were not expressly admitted.


WHEREFORE, LINA, by and through its counsel, respectfully requests the Court to enter an Order dismissing Plaintiff's Complaint; awarding LINA the costs expended herein, including its reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the Court deems just and proper.


s/ Grace R. Murphy_____
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
Attorneys for Defendant
Life Insurance Company of North America


**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
(205) 254-1000

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on July 16, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Jenifer Champ Wallis and Thomas O. Sinclair, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

      [none]


      s/ Grace R. Murphy_____
      OF COUNSEL