**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CATHY CLEILAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **LIFE INSURANCE COMPANY OF NORTH** | ) | **2:07-CV-00486-MEF-SRW** |
| **AMERICA, CIGNA CORPORATION,** | ) | |
| **CIGNA HOLDINGS, TEMPLE-INLAND** | ) | |
| **DISABILITY HEALTH AND WELFARE** | ) | |
| **PLAN, and TEMPLE INLAND FOREST** | ) | |
| **PRODUCTS CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**TEMPLE-INLAND DISABILITY HEALTH AND WELFARE PLAN AND TIN INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Temple-Inland Disability Health and Welfare Plan and TIN, Inc., formerly known as Temple Inland Forest Products Corporation, (collectively "Defendants"), by and through their counsel, submit this Answer to Plaintiff's Complaint.   Unless expressly admitted herein, Defendants deny the material allegations of the Complaint and demand strict proof thereof. Defendants respond to the individually numbered allegations of the Complaint as follows:

## I.  INTRODUCTION

1.       Defendants admit that this action is properly brought under ERISA, but deny that Plaintiff is due any relief under said statute, or any relief whatsoever.  Defendants further admit that while employed with TIN, Inc., Plaintiff was a participant in its Group Long-Term Disability Plan (the "Plan").  Defendants deny the remaining allegations in paragraph 1 of Plaintiff's Complaint.

## II.  JURISDICTION

2.      Defendants admit that federal jurisdiction is proper in this case and that this case is properly brought under ERISA, but deny that Plaintiff is due any relief under said statute, or any relief whatsoever.

## III.  VENUE

3.      Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 3 of Plaintiff's Complaint.

4.      Defendant TIN, Inc. admits that it does business in the state of Alabama, but is without sufficient knowledge to admit or deny the remaining allegations in paragraph 4 of Plaintiff's Complaint.

## IV.  PARTIES

5.      Upon information and belief, Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint.

6.      The allegations of paragraph 6 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

7.      To the extent the allegations in paragraph 7 of Plaintiff's Complaint constitute legal theories and conclusions, Defendants state that no response is required.  Upon information and belief, Defendants admit the remaining allegations in paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit that LINA issued Group Policy No. FLK-020104 ("Policy") to insure the long-term disability component of the Plan.  The remaining allegations of paragraph 8 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

9.      The allegations of paragraph 9 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

10.     The allegations of paragraph 10 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

11.     The allegations of paragraph 11 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

12.     The allegations of paragraph 12 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

13.     The allegations of paragraph 13 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

14.     The allegations of paragraph 14 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

15.     Defendants admit the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits that TIN, Inc. is the Plan Administrator for the Temple-Inland Disability Health and Welfare Plan.  Defendants admit the remaining allegations in paragraph 16 of Plaintiff's Complaint.

## V.  STATEMENT OF FACTS

17.     Defendants admit that Plaintiff has experienced various medical conditions, but specifically deny that she is eligible for disability benefits pursuant to the terms and conditions of the Policy and Plan.

18.     Defendants admit that Plaintiff has experienced various medical conditions, but specifically deny that she is eligible for disability benefits pursuant to the terms and conditions of either the Policy or Plan.

19.    Upon information and belief, Defendants admit the allegations in paragraph 19 of Plaintiff's Complaint.

20.    In response to the allegations in paragraph 20 of Plaintiff's Complaint, Defendants state that Plaintiff's medical records included in LINA's Administrative Record will speak for themselves.

21.    The allegations of paragraph 21 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

22.    The allegations of paragraph 22 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

23.    The allegations of paragraph 23 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

24.    The allegations of paragraph 24 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

25.    The allegations of paragraph 25 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent

a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

26.     The allegations of paragraph 26 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA administered the Temple-Inland Short Term Disability Plan under Administrative Services Agreement SHD 020035.

27.     The allegations of paragraph 27 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

28.     The allegations of paragraph 28 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

29.     Defendants admit the allegations in paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny that Plaintiff has quoted the complete definition of "Disability" from Policy No. FLK 020104, and in further response state that the Policy speaks for itself.

31.     Defendants admit that Plaintiff has experienced various medical conditions, but specifically deny that she is eligible for disability benefits pursuant to the terms and conditions of either the Policy or Plan.

32.     The allegations of paragraph 32 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent

a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

33.    The allegations of paragraph 33 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

34.    The allegations of paragraph 34 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

35.    In response to the allegations of paragraph 35 of Plaintiff's Complaint, Defendants state that LINA's Administrative Record will speak for itself.

36.    The allegations of paragraph 36 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

37.    The allegations of paragraph 37 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

38.    In response to the allegations in paragraph 38 of Plaintiff's Complaint, Defendants state that the Administrative Record speaks for itself with respect to Plaintiff's claim for Social Security disability benefits.  By way of further answer, the criteria for determining

6

eligibility for social security disability benefits are judicially recognized as substantially different from the criteria established by most insurance plans. *Pari-Fasano v. ITT Hartford*, 230 F.3d 415 (1st Cir. 2000). Accordingly, evidence of an award of disability benefits by the Social Security Administration has no binding effect on a plan's decision to discontinue benefits. *Id.*; *Whatley v. CNA Ins.*, 189 F.3d 1310 (11th Cir. 1999); *Paramore v. Delta Air Lines*, 129 F.3d 1446 (11th Cir. 1997).

39.    The allegations of paragraph 39 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

40.    The allegations of paragraph 40 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

41.    The allegations of paragraph 41 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

42.    The allegations of paragraph 42 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

43.     The allegations of paragraph 43 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

44.     In response to the allegations in paragraph 44 of Plaintiff's Complaint, Defendants state that the Policy speaks for itself.

45.     The allegations of paragraph 45 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

46.     The allegations of paragraph 46 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

47.     The allegations of paragraph 47 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

48.     The allegations of paragraph 48 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants. To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

49.    Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 49 of Plaintiff's Complaint, and therefore deny the same.

50.    The allegations of paragraph 50 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

51.    The allegations of paragraph 51 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

52.    The allegations of paragraph 52 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

53.    The allegations of paragraph 53 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

54.    The allegations of paragraph 54 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

55.    The allegations of paragraph 55 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.  In further response, Defendants admit that Plaintiff has exhausted her administrative remedies under the Plan.

56.    Defendants admit that Plaintiff has experienced various medical conditions, but specifically deny that she is eligible for disability benefits pursuant to the terms and conditions of the Policy and Plan.

57.    Defendants admit that Plaintiff has experienced various medical conditions, but specifically deny that she is eligible for disability benefits pursuant to the terms and conditions of the Policy and Plan.

58.    Defendants admit that Plaintiff has experienced various medical conditions, but specifically deny that she is eligible for disability benefits pursuant to the terms and conditions of the Policy and Plan.

59.    The allegations of paragraph 59 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself, and specifically deny that Plaintiff is disabled as that term is defined in the applicable coverage.

60.    The allegations of paragraph 60 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

61.     Defendants admit the allegations in paragraph 61 of Plaintiff's Complaint.

62.     In response to the allegations of paragraph 62 of Plaintiff's Complaint, Defendants state that Plaintiff's job description speaks for itself.

63.     Defendants deny the allegations in paragraph 63 of Plaintiff's Complaint and demand strict proof thereof.

64.     Defendants deny the allegation that no discretionary language is included in the Policy.  The remaining allegations of paragraph 64 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

65.     The allegations of paragraph 65 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

66.     The allegations of paragraph 66 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

67.     The allegations of paragraph 67 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

68.     The allegations of paragraph 68 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

69.    The allegations of paragraph 69 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

## VI. CAUSE OF ACTION

## COUNT I

## (A) ACTION FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

70.    In response to the allegations of paragraph 70 of Plaintiff's Complaint, Defendants reassert their responses to paragraphs 1 through 69 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

71.    Defendants admit the allegations in paragraph 71 of Plaintiff's Complaint.

72.    Defendants admit that, while employed at TIN, Inc., Plaintiff was a participant in the Plan as that term is defined under ERISA.

73.    Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint and demand strict proof thereof.

74.    Defendants deny the allegations in paragraph 74 of Plaintiff's Complaint and demand strict proof thereof.

75.    Defendants deny the allegations in paragraph 75 of Plaintiff's Complaint and demand strict proof thereof.

76.    Defendants deny the allegations in paragraph 76 of Plaintiff's Complaint and demand strict proof thereof.

77.    Defendants deny the allegations in paragraph 77 of Plaintiff's Complaint and demand strict proof thereof.

78.    Defendants deny the allegations in paragraph 78 of Plaintiff's Complaint and demand strict proof thereof.

79.     Defendants deny the allegations in paragraph 79 of Plaintiff's Complaint and demand strict proof thereof.

80.     Defendants deny the allegations in paragraph 80 of Plaintiff's Complaint and demand strict proof thereof.

81.     Defendants deny the allegations in paragraph 81 of Plaintiff's Complaint and demand strict proof thereof.

## (B) JOINT AND SEVERAL LIABILITY AS TO ALL DEFENDANTS

82.     The allegations of paragraph 82 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

83.     The allegations of paragraph 83 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

84.     The allegations of paragraph 84 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

85.     The allegations of paragraph 85 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

86.     The allegations of paragraph 86 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

87.     The allegations of paragraph 87 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

88.     The allegations of paragraph 88 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

89.     The allegations of paragraph 89 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

90.    The allegations of paragraph 90 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

91.    The allegations of paragraph 91 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

92.    The allegations of paragraph 92 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

93.    The allegations of paragraph 93 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

## COUNT II

### CAUSE OF ACTION FOR FAILURE TO PROVIDE PLAN DOCUMENTS

### UNDER 29 U.S.C. § 1132(c)

94.    In response to the allegations of paragraph 94 of Plaintiff's Complaint, Defendants reassert their responses to paragraphs 1 through 93 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

95.    In response to the allegations in paragraph 95 of Plaintiff's Complaint, Defendants state that Plaintiff's (or Plaintiff's counsel's) correspondence to Defendants speaks for itself.

96.    In response to the allegations in paragraph 96 of Plaintiff's Complaint, Defendants state that 29 C.F.R. 2560.503-1(h)(2)(iii) speaks for itself.

97.    In response to the allegations in paragraph 97 of Plaintiff's Complaint, Defendants state that 29 C.F.R. 2560.503-1(m)(8) speaks for itself.

98.    Defendants deny the allegations in paragraph 98 of Plaintiff's Complaint and demand strict proof thereof.

99.    The allegations in paragraph 99 of Plaintiff's Complaint constitute legal theories and conclusions, and therefore, no response is required.  To the extent the allegations in paragraph 99 of Plaintiff's Complaint imply, implicitly or explicitly, liability on the part of Defendants, said allegations are expressly denied.

100.    The allegations in paragraph 100 of Plaintiff's Complaint constitute legal theories and conclusions, and therefore, no response is required.  To the extent the allegations in paragraph 100 of Plaintiff's Complaint imply, implicitly or explicitly, liability on the part of Defendants, said allegations are expressly denied.

## COUNT III

## EQUITABLE ESTOPPEL

101.    In response to the allegations of paragraph 101 of Plaintiff's Complaint, Defendants reassert their responses to paragraphs 1 through 100 above and incorporate same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

102.    The allegations of paragraph 102 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

103.    The allegations of paragraph 103 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

104.    The allegations of paragraph 104 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.

105.    Defendants admit that Plaintiff was awarded disability benefits from the Social Security Administration, but deny the remaining allegations in paragraph 105 of Plaintiff's Complaint and demand strict proof thereof.

106.    The allegations of paragraph 106 of Plaintiff's Complaint do not assert facts and claims relating to Defendants and do not require a response from these defendants.  To the extent a response is deemed necessary, Defendants state that LINA's Administrative Record will speak for itself.

107.    Defendants deny the allegations in paragraph 107 of Plaintiff's Complaint and demand strict proof thereof.

**COUNT VII**

**PRAYER FOR RELIEF**

In response to the unnumbered "Wherefore" clause under Count VII of Plaintiff's Complaint and subparts (a) – (k) therein, Defendants state that Plaintiff is not due the relief requested therein or any relief whatsoever.  Defendants further state that Plaintiff's Complaint is due to be dismissed.

**<u>AFFIRMATIVE DEFENSES</u>**

**<u>FIRST DEFENSE</u>**

Defendants plead that Plaintiff's claim for equitable estoppel is preempted by ERISA and is due to be dismissed.

**<u>SECOND DEFENSE</u>**

Defendants plead that the transaction alleged was voluntarily undertaken, that the Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiff, that the terms of the Plan were fully disclosed to the Plaintiff, that the Plaintiff

knowingly entered into the transaction, having either understood the transaction or having failed to avail herself of the opportunity to understand the transaction.

## THIRD DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

## FOURTH DEFENSE

Plaintiff is barred from recovery in this action because of her failure to mitigate her alleged damages, if any.

## FIFTH DEFENSE

In further answer, and in the alternative, Defendants states that all actions taken by Defendants and LINA were in accord with the Policy's provisions, the denial of Plaintiff's claim for benefits was correct, legitimate and reasonable and not arbitrary nor capricious, and there was no abuse of discretion in the administration of the Policy or Plan with respect to Plaintiff.

## SIXTH DEFENSE

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the 24 month mental illness limitation, alcoholism and drug abuse limitation, recoupment, and offset provisions as provided for in the Policy.

## SEVENTH DEFENSE

Plaintiff's claims and demands for relief are preempted and governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to the provisions of 29 U.S.C. Section 1001, *et seq.*

**EIGHTH DEFENSE**

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue and as Plaintiff is not disabled pursuant to the terms and provisions of the employee welfare benefit plan at issue.

**NINTH DEFENSE**

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

**TENTH DEFENSE**

Plaintiff's claims are barred because Defendants discharged their duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

**ELEVENTH DEFENSE**

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

**TWELFTH DEFENSE**

Defendants assert that Plaintiff failed to demonstrate eligibility for benefits under the terms and provisions of the Plan.

**THIRTEENTH DEFENSE**

Defendants deny each and every allegation in Plaintiff's Complaint except as specifically admitted herein.

**FOURTEENTH DEFENSE**

Defendants deny they are required to respond to the allegations in Plaintiff's Complaint to the extent the allegations constitute legal conclusions.

## FIFTEENTH DEFENSE

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to defendant LINA such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

## SIXTEENTH DEFENSE

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendants reserve the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

## SEVENTEENTH DEFENSE

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

## EIGHTEENTH DEFENSE

The termination of Plaintiff's claims was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Plan, and within the decision maker's discretion under the terms of the Plan.

## NINETEENTH DEFENSE

The factual determinations and interpretations of the Plan were the correct and best interpretations of the Plan's terms and available evidence.

## TWENTIETH DEFENSE

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

### TWENTY-FIRST DEFENSE

Plaintiff is not entitled to extracontractual or compensatory damages under ERISA.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for statutory penalties are barred by absence of any harm or prejudice as a result of any delay or failure in providing the documents requested.

### TWENTY-THIRD DEFENSE

Plaintiff's claims for statutory penalties are barred because she cannot demonstrate that Defendants acted in bad faith in delaying or failing to provide the documents requested.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims for statutory penalties are barred by her ineligibility for any benefits under the Plan.

### TWENTY-FIFTH DEFENSE

Any award of penalties in the present case would not further the purposes of 29 U.S.C. § 1132(c).

### TWENTY-SIXTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

### TWENTY-SEVENTH DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

### TWENTY-EIGHTH DEFENSE

Defendants reserve the right to assert other defenses and claims when and if they become appropriate during this action. Defendants hereby specifically deny any allegations contained in the Complaint which were not expressly admitted.

WHEREFORE, Defendants, by and through their counsel, respectfully request the Court to enter an Order dismissing Plaintiff's Complaint; awarding Defendants the costs expended herein, including their reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the Court deems just and proper.

s/ Grace R. Murphy_____
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
Attorneys for Defendants
Temple-Inland Disability Health and
Welfare Plan and TIN, Inc.

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
(205) 254-1000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Jenifer Champ Wallis and Thomas O. Sinclair, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[none]

s/ Grace R. Murphy_____ __
OF COUNSEL