IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY CLEILAND,<br><br>      Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, TEMPLE-INLAND DISABILITY HEALTH AND WELFARE PLAN, and TEMPLE INLAND FOREST PRODUCTS CORPORATION,<br><br>      Defendants. | CIVIL ACTION NO.<br>2:07-CV-00486-MEF-SRW |

**REPORT OF PARTIES PLANNING MEETING**

1.      Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on **Tuesday, August 14, 2007** and was attended by Thomas O. Sinclair on behalf of Plaintiff Cathy Cleiland ("Plaintiff") and Grace Murphy on behalf of Defendants Life Insurance Company of North America ("LINA"), Temple-Inland Disability Health and Welfare Plan ("Temple-Inland Plan") and TIN, Inc., formerly known as Temple Inland Forest Products Corporation ("Temple Inland" or collectively "Defendants").

2.      **Pre-Discovery Disclosures**.  The parties will exchange the information required by Fed.R.Civ.P. Rule 26(a) on or before **September 17, 2007**.

3.      **Electronically Stored Information**: The parties will comply with the Federal Rules of Civil Procedure concerning discovery of electronically stored information.

4.      **General Claims/Defenses**.  The general claims and defenses of the parties are as follows:

        a.      Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by her employer, Defendant Temple Inland, to provide

long-term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant Life Insurance Company of North America. Plaintiff filed a claim for disability benefits under the insurance policy. Plaintiff alleges that denial of her benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest on past due benefits, attorneys' fees and any other appropriate relief. Plaintiff also alleges that Defendants are equitably estopped from denying benefits and that they failed to provide requested information as required under ERISA and relevant regulations, and is thus also seeking penalties under 29 U.S.C. § 1132(c).

b. Defendants deny the general allegations of Plaintiff's Complaint and, in response, states that Defendant LINA properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable coverage made available to Plaintiff through her employer. Specifically, Defendant LINA contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant LINA also states that its claims decision was in accordance with the Plan provisions, legally correct, and neither arbitrary nor capricious. In addition, Defendants contend that no violation of 29 U.S.C. § 1132(c) and related regulations has occurred, and that they are due a judgment as a matter of law with respect to Plaintiff's equitable estoppel claim.

5. **Discovery Plan**[1]:

   a. Discovery will be needed on the following subjects:

   (i.) All factual allegations and claims made by Plaintiff in her Complaint as well as the appropriate standard of review and determining whether the ERISA record is complete;

   (ii.) All damages claimed by Plaintiff in this matter; and

   (iii.) All defenses raised by Defendants in this matter.

   b. All discovery commenced in time to be completed by **January 9, 2008**.

---

[1] It is the Defendants' position that to the extent the Court's review of the Defendants' claim determination is governed under the arbitrary and capricious or heightened arbitrary and capricious standard of review, discovery is limited pursuant to Eleventh Circuit authority. As a result, Defendants reserve the right to limit discovery to information contained in the Administrative Record. It is the Plaintiff's position that it is for the Court to decide the standard of review and what constitutes the "ERISA Record", and that if the Defendants want to limit discovery they will need to seek a protective order.

      c.      Maximum of **30** interrogatories by each party to any other party without prior approval of the Court. Maximum of **30** requests for production by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

      d.      The parties do not anticipate the need for any depositions in this case.

      e.      The parties do not anticipate retaining any experts in this case.

      f.      Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

6.    **Other Items**.

      a.      The parties do not request a conference with the Court prior to entry of the Scheduling Order.

      b.      The parties should be allowed until **October 19, 2007** to join additional parties and to amend the pleadings, and until **November 14, 2007** to respond to any above-mentioned amendments.

      c.      All potentially dispositive motions should be filed by **January 30, 2008**.

      d.      The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

      e.      The Parties request a final pretrial conference on **May 12, 2008**.

      f.      Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

      g.      Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

      h.      The case should be ready for a non-jury trial during the Court's **June 9, 2008** non-jury trial setting and at this time is expected to take approximately **1-2 days**.

Respectfully submitted:      August 17, 2007

                                    s/ Thomas O. Sinclair
                                    Thomas O. Sinclair
                                    Jenifer Champ Wallis
                                    Attorneys for Plaintiff, Cathy Cleiland

**OF COUNSEL:**
Thomas O. Sinclair (SIN018)
Jenifer Champ Wallis (WAL191)
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100 Southbridge Parkway, Suite 450
Birmingham, AL 35209
Phone: (205) 803-0051
Fax: (205) 803-0053

                                    s/ Grace R. Murphy
                                    William B. Wahlheim, Jr.
                                    John David Collins
                                    Grace Robinson Murphy
                                    Attorneys for Defendants Life Insurance
                                    Company of North America, Temple-Inland
                                    Disability Health and Welfare Plan and Temple
                                    Inland Forest Products Corporation

**OF COUNSEL**:
MAYNARD, COOPER AND GALE, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of August, 2007 I electronically filed the foregoing pleading with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Grace Robinson Murphy
William B. Wahlheim, Jr.
John David Collins
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203-2602

                                                /s/Thomas O. Sinclair
                                                Of Counsel