# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CATHY CLEILAND;            ) | |
|                            ) | |
|    Plaintiff,              ) | |
|                            ) | |
| v.                         ) | Civil Action No.: |
|                            ) | 2:07-CV-00486-MEF-SRW |
| LIFE INSURANCE COMPANY OF  ) | |
| NORTH AMERICA;             ) | |
| TEMPLE-INLAND DISABILITY   ) | |
| HEALTH AND WELFARE PLAN; and ) | |
| TEMPLE INLAND FOREST PRODUCTS ) | |
| CORPORATION;               ) | |
|                            ) | |
|    Defendants.             ) | |

## PLAINTIFF'S FIRST MOTION TO COMPEL[1]

During the course of the Plaintiff's Social Security disability proceedings the Defendants represented to the United States government and to the administrative law judge that Plaintiff could not work. Defendants profited by this representation by collecting <u>every penny</u> of Plaintiff's social security lump sum award for back benefits (more than $25,000.00). Defendants then reversed course and told

---

[1] Plaintiff hereby certifies that she has, by and through her counsel of record, "in good faith conferred with opposing counsel regarding the documents sought by this Motion to Compel". Unfortunately the parties are not in agreement and no resolution can be had short of the Court's intervention in this matter. Specifically, prior to the filing of this Motion to Compel Plaintiff's counsel has attempted to confer through written correspondence and again through a telephone conference seeking to resolve this Motion to Compel.

Plaintiff she was able to go back to work cutting off any future amounts Defendants would have to pay under this policy.

Defendants did this using an entity known as Advantage 2000 Consultants (hereinafter "A2K"). Plaintiff specifically alleged in her Complaint (Doc. No. 1 at p. 15) that A2K was acting as the Defendants' agent and as such Defendants should be estopped from now asserting Plaintiff could work. Plaintiff further argued that estoppel would apply in her Brief in Support of Plaintiff's Motion for Partial Summary Judgment. Doc. No. 24 at p. 19.

Plaintiff was made aware of (but did not receive) the two agreements between A2K and the Defendants in A2K's responses to her subpoena. Plaintiff then immediately issued a Request for Production to Defendants seeking production of those agreements. Exhibit 1 is the Defendant Life Insurance Company of North America's Responses to Plaintiff's requests seeking those agreements. In response to the request to produce the two service agreements Defendants argue that those agreements are "irrelevant information not reasonably calculated to lead to the discovery of evidence in this ERISA preempted lawsuit subject to heighten the arbitrary capricious standard of review." Exhibit 1, Defendant's Responses to Plaintiff's Second Request for Production. Plaintiff

respectfully submits that the doctrine of estoppel applies to ERISA cases, and Defendant's arguments seeking to avoid production are without merit.

Wherefore, premises considered, and unless the Defendants stipulate that A2K was acting as their agent, Plaintiff respectfully requests this Court order the immediate production of these agreements. Plaintiff respectfully requests that either the production be ordered in such time as to allow Plaintiff to incorporate the agreements in her briefing on the pending Motions for Summary Judgment or that she be allowed to supplement her responses to properly place before this Court these service agreements.

Respectfully submitted,

/s/ Thomas O. Sinclair
One of the Attorneys for Plaintiff

CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
T: (205) 803-0051
F: (205) 803-0053

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 26th day of February, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Courts CM/ECF system:

**Attorneys for Defendants**

William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203-2602

                                            /s/Thomas O. Sinclair
                                            Of Counsel

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY CLEILAND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LIFE INSURANCE COMPANY OF NORTH )<br>AMERICA, TEMPLE INLAND )<br>DISABILITY HEALTH AND WELFARE )<br>PLAN, and TEMPLE INLAND FOREST )<br>PRODUCTS CORPORATION, )<br>)<br>Defendants. ) | CIVIL ACTION NO. :<br>2:07-CV-00486-MEF-SRW |

## DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Defendant Life Insurance Company of North America (hereinafter referred to as "Defendant" or "LINA"), by and through its attorneys, submits the following responses to Cathy Cleiland's (hereinafter referred to as "Plaintiff") Second Request for Production. LINA's objections are made without waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1. Any additional objections that LINA may make. All such objections are expressly preserved;

2. All questions as to competency, relevancy, materiality, and admissibility of any documents produced or information provided by LINA;

3. LINA expressly objects to providing any documents protected from discovery by the attorney/client privilege, work-product immunity, self-evaluative privilege, or any other

1

applicable privilege or immunity. Any inadvertent production of privileged materials does not constitute a waiver.

4. The right of any party to object on any grounds to the use of the information and documents, or the subject matter thereof, produced in response to these requests in any subsequent proceeding in, or the trial of, this or any other action; and

5. The right of any party to object on any ground at any time to a demand for further response to these or any other discovery procedures involving or related to the subject matter of the discovery requests herein answered.

## GENERAL OBJECTIONS

1. LINA objects to the discovery requests to the extent that they are overly broad, unduly burdensome, irrelevant, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

2. LINA objects to the discovery requests to the extent that they call for the production of documents or information that contain confidential, trade or business data, or other nonpublic, confidential or proprietary information.

3. LINA objects to the discovery requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted lawsuit subject to a "heightened" arbitrary and capricious review. The issue before the Court is whether the claims decision was "arbitrary and capricious" and the appropriate scope of "discoverable" information is limited to the administrative record and Plan documents.

## II. SPECIFIC RESPONSES AND OBJECTIONS

1. Please produce the "services agreement" executed by CIGNA/LINA and Advantage 2000 Consultants, Inc., dated January 1, 2002.

**RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. For preservation purposes only, LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need, and irrelevant information not reasonably calculated to lead to the discovery of evidence in this ERISA preempted lawsuit subject to a heightened arbitrary and capricious standard of review.**

2. Please produce a second Amendatory Agreement executed by these parties, dated July 1, 2005.

**RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. For preservation purposes only, LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need, and irrelevant information not reasonably calculated to lead to the discovery of evidence in this ERISA preempted lawsuit subject to a heightened arbitrary and capricious standard of review.**

3. Please produce "an Addendum Request for Proposal submitted by Advantage 2000 Consultants, Inc., dated September 21, 2001."

RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. For preservation purposes only, LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need, and irrelevant information not reasonably calculated to lead to the discovery of evidence in this ERISA preempted lawsuit subject to a heightened arbitrary and capricious standard of review.

/s/ Grace R. Murphy
William B. Wahlheim, Jr
John David Collins
Grace Robinson Murphy

Attorneys for Defendant Life Insurance Company of North America

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue, North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

01552447.1                                     4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons via U.S. Mail this the 19th day of February, 2008.

Thomas O. Sinclair, Esq.
Jenifer Champ Wallis, Esq.
Campbell, Gidiere, Lee, Sinclair, & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209


_____
Of Counsel

01552447.1                         5