IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY CLEILAND,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, TEMPLE-INLAND DISABILITY HEALTH AND WELFARE PLAN, and TEMPLE INLAND FOREST PRODUCTS CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:07-CV-00486-MEF-SRW |

### DEFENDANT'S MOTION TO STRIKE EXHIBIT H SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendants Life Insurance Company of North America ("LINA"), Temple-Inland Disability Health and Welfare Plan and TIN, Inc., formerly known as Temple Inland Forest Products Corporation (collectively "Defendants"), by and through their counsel, and hereby move to strike Exhibit H submitted in support of Plaintiff's Motion for Summary Judgment.

### INTRODUCTION

In this ERISA-preempted claim for long-term disability benefits and document withholding penalties, LINA's decision to terminate Plaintiff's claim for benefits is to be reviewed by this Court under the heightened arbitrary and capricious standard of review based on the language in the Policy and binding Eleventh Circuit law applying that language. *See* § IV. A. of Defendants' Memorandum of Law in Support of Summary Judgment [Doc. 25]. On deferential review of LINA's administrative decision, the Eleventh Circuit has made clear that

courts must confine their analysis to the evidence that was before LINA during the administrative process. *See id.* at § IV. B. "When conducting a review of an ERISA benefits denial under an arbitrary and capricious standard (sometimes used interchangeably with the abuse of discretion standard), the function of the court is to determine whether there was a reasonable basis for the decision, **based upon the facts as known to the administrator** at the time the decision was made." *Jett v. Blue Cross and Blue Shield of Ala.*, 890 F.2d 1137, 1139 (11th Cir. 1989) (emphasis added) (citations omitted); *see also Menard v. Hartford Life and Accident Ins. Co.*, 2007 U.S. App. LEXIS 29719, *2-3 (11th Cir. Dec. 21, 2007).

The administrative record, supplied to the Court in connection with Defendants' Motion for Summary Judgment, reflects the information that was before LINA when it made its benefits determination. Exh. 1 to Exh. A to Defendants' Notice of Evidentiary Submission in Support of Their Motion for Summary Judgment [Doc. 23]. Now, Plaintiff impermissibly seeks to supplement this record with her file from a third party company that assisted her with her application for Social Security Disability Income ("SSDI") benefits (Plaintiff's Exhibit H). This information was not submitted to LINA during the claims review process.

The Advantage 2000 Consultants, Inc. ("A2K") file relating to Plaintiff's claim for SSDI benefits consists of correspondence, phone logs and records generated during Plaintiff's claim for SSDI benefits. In particular, the records include blank and completed SSA forms, including forms regarding Disability Determination consultants, Dr. Jill Hall, Ph.D and Dr. Keith Vanderzyl, Jr., M.D. Plaintiff should not be provided a second bite at the apple when she and her litigation counsel, who was involved in the administrative process, neglected to submit this information in support of her claim during the administrative claims review. As this information was not before LINA at the time it made its final decision, it should not now be considered by

this Court in determining if LINA's decision was correct. Accordingly, this exhibit should be stricken from the record, and not considered in deciding Plaintiff's claim.

## ARGUMENT

It is well settled law that a participant or beneficiary seeking benefits under the terms of an ERISA governed plan bears the burden of establishing that he or she is entitled to such benefits. 29 U.S.C. § 1132(a)(1)(B); *Farley v. Benefit Trust Life Ins. Co.*, 979 F. 2d 653, 658 (11th Cir. 1992); *Terry v. Bayer*, 145 F. 3d 28, 34 (1st Cir. 1998); *Hufford v. Harris Corp.*, 322 F. Supp. 2d 1345, 1360 (M.D. Fla. 2004). If Plaintiff and her counsel failed to present evidence to LINA at the time it was making its claims decision, Plaintiff cannot remedy this neglect by submitting additional evidence now, over two years after the claim initially was denied and almost a year after the final decision issued. *See Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F. 2d 377, 381 (10th Cir. 1992) ("An administrator's decision is not arbitrary and capricious for failing to take into account evidence not before it … If a plan participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider the evidence.")

In the recent matter of *Menard v. Hartford Life and Accident Insurance Company*, 2007 U.S. App. LEXIS 29719 (11th Cir. Dec. 21, 2007), the plaintiff similarly attempted to submit extra-record evidence in support of his summary judgment motion when he submitted a social security administration determination that was not previously submitted to the insurer. The district court allowed the evidence and entered judgment in favor of plaintiff. Applying the heightened arbitrary and capricious standard of review, the Eleventh Circuit reversed and remanded instructing the district court to "confine its review to the administrative record before Hartford Life at the time of its final denial decision." *Id.* at *2-3; *See also Buckley v. Metro.*

*Life*, 115 F.3d 936, 941 (11th Cir. 1997) (declining to consider affidavits not presented to administrator at time of its decision); *Richards v. Hartford Life & Accident Ins. Co.*, 153 Fed. Appx. 694, 696 n.1 (11th Cir. 2005) (unpublished) (affirming district court's refusal to consider affidavits from plaintiff and physician generated after benefits determination on the grounds that such evidence was not part of the administrative record). District courts within Alabama have taken a position consistent with the above decisions in ERISA cases by also restricting evidence properly before the court to evidence made part of the administrative record. *See, e.g., Stidham v. Solutia, Inc.*, 215 F. Supp. 2d 1268, 1271 n.4 (N.D. Ala. 2002); *Wilcox v. The Standard Ins. Co.*, 340 F. Supp. 2d 1266, 1281-82 (N.D. Ala. 2004); *Dunlop v. Bellsouth Telecomm., Inc.*, 431 F. Supp. 2d 1210, 1218 (M.D. Ala. 2006). Because the Court cannot consider evidence other than the administrative record and plan documents, Plaintiff's A2K file cannot be considered in connection with her Motion for Summary Judgment.

The fact that LINA reimbursed A2K for its services and collected an overpayment due to Plaintiff's retroactive receipt of SSDI benefits per the insurance contract does not alter this analysis. As set forth in Defendants' Opposition to Plaintiff's Motion for Summary Judgment filed contemporaneously herewith, A2K is not LINA's agent and any knowledge A2K gained regarding Plaintiff's condition through the SSDI application process should not be imputed to LINA. Although Defendants will not repeat their position herein, suffice it to say, Plaintiff's arguments are red herrings through which she seeks to inject information that could have been presented to the claims administrator, but was not. Plaintiff should not be allowed to manufacture an "agency" relationship merely to introduce records that are otherwise inadmissible.

In this case, where Plaintiff and her counsel had every opportunity throughout multiple claims review levels to contribute to the administrative record by submitting evidence in support of her claim, as reflected by the 1088 page administrative record, this Court should follow the binding precedent of this Circuit and strike Plaintiff's attempted supplementation.

## CONCLUSION

Instead of supporting her claim during the administrative claim process, Plaintiff now wants to introduce new information and arguments almost a year after the fact. If, as Plaintiff apparently now believes, the information from A2K was so vital, Plaintiff could have, and should have, submitted the information to LINA during the claims review process. Indeed, it was Plaintiff's obligation, not LINA's, to provide medical and other information to establish her entitlement to continuing benefits. Having failed to do so, Plaintiff should not be permitted a second bite at the apple. Based on the arguments and authorities presented above, Defendants respectfully request that this Court not consider Plaintiff's Advantage 2000 Consultants, Inc. file submitted as Plaintiff's Exhibit H and strike this exhibit from the record.

Respectfully submitted this 27th day of February, 2008.

                s/ Grace Robinson Murphy_____
                William B. Wahlheim, Jr.
                John David Collins
                Grace Robinson Murphy
                Attorneys for Defendants
                Life Insurance Company of North America,
                Temple Inland Disability Health and
                Welfare Plan and TIN, Inc.

**OF COUNSEL**:
MAYNARD, COOPER AND GALE, P.C.
1901 6th Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Thomas O. Sinclair
    Jenifer Champ Wallis

                                                   s/ Grace Robinson Murphy.
                                                   OF COUNSEL