**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

|  |  |  |
|---|---|---|
| CATHY CLEILAND; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 2:07-CV-00486-MEF-SRW |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA; | ) | |
| TEMPLE-INLAND DISABILITY | ) | |
| HEALTH AND WELFARE PLAN; and | ) | |
| TEMPLE INLAND FOREST PRODUCTS | ) | |
| CORPORATION; | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PLAINTIFF'S SECOND MOTION TO COMPEL</u>

COMES NOW the Plaintiff, Cathy Cleiland, and files this Second Motion To Compel seeking an order from this Court requiring Defendants to produce all plan documents related to any ancillary benefit plans which may provide benefits to Plaintiff.  Plaintiff hereby certifies that she has, by and through her counsel of record, "in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action," as is evidenced by Exhibit A attached hereto.  Plaintiff first requested these documents

1

almost two years ago[1].  *See* Exhibit B.  Plaintiff also requested such documents[2]

with her November 19, 2007 Discovery Requests.

Plaintiff's pertinent Requests for Production are:

11.  State all benefits to which the Plaintiff would be entitled were the Plaintiff determined to be disabled under the long term disability insurance policy portion of the employee welfare benefit plan, to include any pension benefits, continuing healthcare coverage, or any other benefits available based upon that finding of disability under the long term disability insurance policy portion of the employee welfare benefit plan.

12.  As to all those benefits set forth within your response to the interrogatory above, provide all documents pertaining to or referencing those benefits, to include enrollment forms, and any Plaintiff's employee files or files that contain any information on Plaintiff's enrollment for those benefits.

13.  Provide all enrollment forms, employee files, or any other files within your possession, custody or control regarding the Plaintiff, and any benefits provided by your company to employees.  The documents produced should include any enrollment forms for any / and all life insurance, short term disability insurance, or any other insurance or welfare benefits provided to employees.

Defendants' responses, which are attached hereto as Exhibit C, merely

objected to Plaintiff's requests.  Defendants have still not produced all plan

documents related to the ancillary benefit plans to which Plaintiff is an insured,

despite Plaintiff's requests as set forth above.

---

[1] Plaintiff first requested these documents via letter dated August 4, 2006, pursuant to her rights as specified within 29 U.S.C. § 1132(c).  Defendants' failure to produce these documents gives rise to an additional cause of action and a penalty of $110 per day for every day beyond thirty days after they received Plaintiff's request.

Plaintiff therefore respectfully requests this Honorable Court grant her Second Motion to Compel and order Defendants to produce all plan documents related to any ancillary benefit plans to which Plaintiff may be entitled.

/s/ Jenifer Champ Wallis
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Thomas O. Sinclair
Jenifer Champ Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
T: (205) 803-0051
F: (205) 803-0053

---

[2] Defendants should have produced these documents pursuant to Plaintiff's first request in 2006. Defendants also should have produced these documents with their Initial Disclosures.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on the 28th day of January, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Courts CM/ECF system:

**Attorneys for Defendants**
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203-2602

/s/Jenifer Champ Wallis
Of Counsel

4

# EXHIBIT A

**cGL** | Campbell, Gidiere, Lee
Sinclair & Williams
ATTORNEYS AT LAW

**JENIFER CHAMP WALLIS**
jwallis@cgl-law.com

January 9, 2008

Grace R. Murphy, Esquire
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Re:   *Cleiland, Cathy v. Life Insurance Co. of North America, et al.*
     **United States District Court of Alabama, Middle District**
     **Civil Action No: 2:07-cv-00486-MEF-SRW**

Dear Grace:

I am in receipt of your discovery responses on behalf of the Life Insurance Company of North America, TIN, Inc. and Temple-Inland Disability Health and Welfare Plan. Your clients' discovery responses are far from complete. Please meet with your team and schedule a time, of approximately two hours total to discuss both Thoele and Cleiland, between Tuesday and Thursday of next week, January 15 – 17, that Tom and I may come to your offices and discuss these issues with you in an effort to resolve them without court intervention. If we have not come to a resolution on this issue by Friday January 18, 2008, we will be filing a Motion to Compel.

I look forward to hearing from you.

Sincerely,

*Jenifer Champ Wallis*
Jenifer Champ Wallis

JCW/kdg

cc:
   Thomas O. Sinclair, Esquire
   William B. Walheim, Jr., Esquire
   John David Collins, Esquire

PH 205 803-0051 • 800 540-1311 • FX 205 803-0053 • www.cgl-law.com
2100-A Southbridge Parkway • Suite 450 • Birmingham • Alabama 35209



## Campbell, Gidiere, Lee
## Sinclair & Williams
ATTORNEYS AT LAW

**JENIFER CHAMP WALLIS**
jwallis@cgl-law.com

January 11, 2008

**VIA FACSIMILE AND US MAIL**

Grace R. Murphy, Esquire
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Re:    *Cleiland, Cathy v. Life Insurance Co. of North America, et al.*
       **United States District Court of Alabama, Middle District**
       **Civil Action No: 2:07-cv-00486-MEF-SRW**

Dear Grace:

I have tried to reach you numerous times this week in an effort to schedule a Rule 37 conference with your team, Tom and me. I requested this conference via letter dated January 9, 2008, which I faxed to your attention. Tom and I are willing to take time out of our schedules next week in order to come to your office and discuss your clients' discovery responses in order to hopefully get a resolution to this matter without Court intervention. We are asking to meet with you at your office in order to go over each and every discovery request, your clients' response and why that response is inadequate.

As the matter stands, your clients' responses have essentially granted their own unfiled motion for a protective order. If, after our Rule 37 conference your clients still feel they do not need to respond to all of our discovery requests they will need to file such a protective order. Merely objecting and not providing full and complete responses is not the proper manner for your clients' to assert their position.

Please contact me at your earliest convenience to set up this Rule 37 conference. I look forward to hearing from you.

Sincerely,

Jenifer Champ Wallis

JCW/kdg

cc:    Thomas O. Sinclair, Esquire
       William B. Walheim, Jr., Esquire
       John David Collins, Esquire

PH 205 803-0051 • 800 540-1311 • FX 205 803-0053 • www.cgl-law.com
2100-A Southbridge Parkway • Suite 450 • Birmingham • Alabama 35209

# CGL

## Campbell, Gidiere, Lee
## Sinclair & Williams
### ATTORNEYS AT LAW

**JENIFER CHAMP WALLIS**
jwallis@cgl-law.com

January 11, 2008

## VIA FACSIMILE AND US MAIL

Grace R. Murphy, Esquire
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

>Re:   *Cleiland, Cathy v. Life Insurance Co. of North America, et al.*
>**United States District Court of Alabama, Middle District**
>**Civil Action No: 2:07-cv-00486-MEF-SRW**

Dear Grace:

The purpose of this letter is to confirm the substance of our conversation this evening. You stated that you will speak to John David Collins and confirm his availability for next Friday, January 18, 2008, as the date for our Rule 37 conference related to your clients' discovery responses. Tom and I are both available Friday.

As I stated in our conversation, we are asking for this Rule 37 conference in order to go over our concerns with each and every one of our discovery requests, your clients' responses to the same and why we feel their responses are inadequate.

We look forward to meeting with you.

Sincerely,

Jenifer Champ Wallis

JCW/kdg

cc:    Thomas O. Sinclair, Esquire
       William B. Walheim, Jr., Esquire
       John David Collins, Esquire

# cgl

**Campbell, Gidiere, Lee**
**Sinclair & Williams**
ATTORNEYS AT LAW

**JENIFER CHAMP WALLIS**
jwallis@cgl-law.com

February 5, 2008

**VIA FACSIMILE AND US MAIL**

Grace R. Murphy, Esquire
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Re:    *Cleiland, Cathy v. Life Insurance Co. of North America, et al.*
    **United States District Court of Alabama, Middle District**
    **Civil Action No:  2:07-cv-00486-MEF-SRW**

Dear Grace:

As the correspondence in this case reflects, I have been attempting for almost a month now to schedule a meeting, at your convenience and at your offices, in which to discuss your client's deficient discovery responses in the above referenced matter. We are now within a week of the dispositive motion deadline and you have consistently refused such a meeting.

On January 9, 2008, we received LINA's Responses to Plaintiff's First Request for Production, LINA's Responses to Plaintiff's Interrogatories and the Temple Inland Defendants' Answer and Responses to Plaintiff's Request for Admission, Interrogatories and Related request for production. Responses to Plaintiff's First Request for Admission to LINA were not provided and are long overdue.

We are a mere four days from the deadline to file motions for summary judgment in this matter and you have not provided "any and all agreements or service agreements" as is requested in RFP 1. This RFP would include any agreement between your client (and/or any of its related entities) and Advantage 2000 Consultants, Inc. RFP 2 specifically requests "all correspondence, memoranda or service agreements" between your client (and/or any of its related entities) and Advantage 2000. Your client has failed to provide any documents responsive to this request. RFPs 7, 10, 25, 26, and 28 were specifically direct towards your client's own standards, rules and guidelines to be followed in its adjudication of plaintiff's claim for benefits. Whether your client followed its own procedures in its adjudication of plaintiff's claim for benefits would clearly have bearing on whether your client's denial of plaintiff's claim was arbitrary and capricious yet they have failed to produce responsive documents.

Likewise, Plaintiff's Interrogatories contain several requests, namely, 2, 3, 4, which are geared to determine the underlined employer of those individuals involved in the evaluation and determination of plaintiff's claim. Your client's responses do not adequately identify the employer of all such requested individuals. Specifically, in response to interrogatory 4, your client answers "appeals claims examiner Noemi Martinez-Landis is employed *with* LINA." Is LINA Ms. Martinez-Landis' employer? Does Ms. Martinez-Landis have other employers, such as CIGNA or other entities? If so please advise.

Additionally, in response to Interrogatory 3, your client answers that "Noemi Landis wrote the final letter". The question however, asks the specific person responsible for the final decision to deny benefits. If Ms. Martinez-Landis is, in fact, the specific person responsible for the final decision to deny benefits, please respond that this is the case. If Ms. Martinez-Landis merely wrote the letter but some other person was actually responsible for the final decision that Ms. Martinez-Landis communicated in her letter, please identify that person as well as that person's employer.

Because of the extended length of time we have been attempting to obtain your client's full and complete responses to our requests and the little time remaining before the Summary Judgment deadline, we will have to file a Motion to Compel by this Thursday if responses are not provided by that time.

I am writing this letter as a professional courtesy to you before filing such a Motion to Compel and to offer that if your client will 1) provide its agreements with Advantage 2000 Consultants, as we have requested in our discovery requests, 2) provide its internal rules, policies and manuals regarding how to investigate and evaluate plaintiff's claim, as was requested in plaintiff's discovery requests, and 3) identify the specific person who made the final determination as to plaintiff's benefits as well as that persons employer, we will hold off on filing such a Motion to Compel.

The Advantage 2000 Consultants service agreement as well as the identification of the individual who made the final determination on plaintiff's claim for benefits should not be difficult for your client to produce by Thursday. Therefore your client should have no trouble in producing the requested documentation and information to us by this Thursday and we will not have to file a Motion to Compel.

I look forward to hearing from you.

Sincerely,

Jenifer Champ Wallis

JCW/kdg

cc:    Thomas O. Sinclair, Esquire



MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

Grace Robinson Murphy
DIRECT 205.254.1170
EMAIL gmurphy@maynardcooper.com

February 7, 2008

VIA FACSIMILE AND U.S. MAIL
Jenifer Champ Wallis
CAMPBELL, GIDIERE, LEE,
  SINCLAIR & WILLIAMS, L.L.C.
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama 35209

FEB 11 2008

Re:   *Cathy Cleiland v. Life Insurance Co. of North America, et al.*
       United States District Court of Alabama, Middle District
       Civil Action No: 2:07-cv-00486-MEF-SRW

Dear Jenifer:

     Thank you for your letter dated February 5, 2008. We appreciate the written clarification of your concerns with our previously served discovery responses and objections. I have reviewed our file and it does not appear that we were served with Plaintiff's First Request for Admission. Can you kindly resend us this pleading and we will promptly provide responses?

     With respect to the other discovery concerns identified in your letter, let me first confirm in response to Interrogatory No. 4 that Life Insurance Company of North America ("LINA") is Noemi Martinez-Landis' employer. Also, I can clarify our written response as follows: Noemi Martinez-Landis made the final benefits decision on Plaintiff's claim after obtaining a medical record review opinion from Associate Medical Director Dr. John Mendez. *See* LINA/Cleiland 14-17.

     At this time, we must maintain our objections to your request for the production of both (1) the agreement with Advantage 2000 Consultants, Inc.; and (2) LINA's "internal rules, policies, and manuals regarding how to investigate and evaluate plaintiff's claim". Both documents are considered confidential and proprietary by my client. The agreement with Advantage 2000 Consultants, Inc. is irrelevant to Plaintiff's claim for benefits and beyond the scope of admissible evidence in this ERISA preempted lawsuit subject to a heightened arbitrary and capricious standard of review. Prevailing case law makes clear that there are distinct differences between the standards for disability under private coverage and under the government program. Moreover, we do not believe the allegations in Count III of Plaintiff's Complaint state a cognizable claim for equitable estoppel under ERISA. In addition, you should be in possession of all Advantage 2000 Consultants, Inc.'s documents given your non-party subpoena to the company (of which we were not provided notice).

     We believe that the Eleventh Circuit's guidance on the scope of the discovery in cases subject to a heightened arbitrary and capricious standard of review (such as our case) prevents

February 7, 2008
Page 2

open-ended discovery and certainly precludes production of agreements with third parties not involved in the evaluation of Plaintiff's claim for LTD benefits under the applicable policy. See, e.g. Jett v. Blue Cross and Blue Shield of Ala., 890 F.2d 1137 (11th Cir. 1989); Lee v. Blue Cross and Blue Shield of Ala., 10 F.3d 1547 (11th Cir. 1994). It is well settled law in this Circuit that, when reviewing an ERISA benefits denial under the arbitrary and capricious standard, the court's review is limited to the facts before the decision-maker at the time the claims decision was made; i.e., the plan documents and administrative record. Jett, 890 F.2d at 1139; Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1326 (11th Cir. 2000). This standard is equally applicable even if a potential conflict of interest triggers the heightened standard of review. Lee, 10 F.3d at 1550 (11th Cir. 1994) (looking "only to the facts known to the administrator at the time the decision was made" in a heightened arbitrary and capricious case); Richards v. Hartford Life & Accident Ins. Co., 2005 U.S. App. LEXIS 23871 at n.1 (11th Cir. November 3, 2005) (affirming district court's decision not to consider plaintiff's social security award and physician affidavits in reviewing claim administrator's benefits decision under heightened arbitrary and capricious standard); Menard v. Hartford Life and Accident Ins. Co., 2007 U.S. App. LEXIS 29719 (11th Cir. Dec. 21, 2007).

Again, my client's position is that the Court in the instant case will review the administrative record developed by LINA and determine whether its claim decision is due to be affirmed, or overturned as arbitrary and capricious. This standard does not permit introduction of documents outside the administrative record, namely any agreement with Advantage 2000 Consultants, Inc. or the claims manual. LINA produced its entire administrative record in this action (1088 total pages) in connection with its Rule 26 Initial Disclosures. There is simply no basis for either party to supplement the record through discovery. I would ask that you reconsider your position. If not, I understand that we may need a Court ruling and LINA will seek a protective order in the event that you file a motion to compel.

Yours very truly,

Grace Robinson Murphy

GRM/hy
cc:     William B. Wahlheim, Jr.

MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

# EXHIBIT B

**CAMPBELL WALLER & POER, L.L.C.**

2100-A Southbridge Parkway • Suite 450
Birmingham • Alabama 35209
205 803-0051 • FX 205 803-0053

THOMAS O. SINCLAIR
tsinclair@cwp-law.com

August 4, 2006

**VIA CERTIFIED MAIL**
Temple-Inland Forest Products Corporation
P. O. Drawer N
303 South Temple Drive
Diboll, TX 75941

   Re:  **Cathy Cleiland**

Dear Sir/Madam:

   This firm has been retained by Cathy Cleiland with regard to a claim for benefits under the terms of the employee welfare benefit plan(s) or pension plan(s) in which the above referenced individual was a participant and/or beneficiary. Please direct any and all correspondence, and all contact regarding this matter, to this firm.

   If it is your company's contention that the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et. seq. applies in this matter, then please produce any and all "relevant" (as defined within 29 C.F.R. § 2560.503-1) documents to include the policy, summary plan description, or any other documents specified within 29 U.S.C. § 1001 et. seq,.and 29 C.F.R. § 2560.503-1. These documents should include any and all information upon which you based your decision regarding any claim for benefits, and all documents pertaining to or referencing the employee welfare benefit plan(s) and/or employee pension plans under the terms of which the above referenced individual is or was a beneficiary and/or participants.

   These documents are requested pursuant to the rights specified within 29 U.S.C. § 1132 (c). Your response should include any "relevant" ERISA documents, plan documents, claim file documents, any manuals, disability guidelines, or any other documents pertaining to the guidelines under which the claim was determined, and any brochures, handbooks, employee benefit guides, pension plan documents detailing any and all benefits provided to the above referenced individual.

   Sincerely,

   **'DICTATED, BUT NOT READ"**

   Thomas O. Sinclair, Esq.

TOS/me
Enclosure
cc: Cathy Cleiland

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CATHY CLEILAND,                          )
                                         )
            Plaintiff,                   )                JAN   9  2008
                                         )
vs.                                      )
                                         )
LIFE INSURANCE COMPANY OF NORTH          )    CIVIL ACTION NO. :
AMERICA, TEMPLE INLAND                   )    2:07-CV-00486-MEF-SRW
DISABILITY HEALTH AND WELFARE            )
PLAN, and TEMPLE INLAND FOREST           )
PRODUCTS CORPORATION,                    )
                                         )
            Defendants.                  )

## DEFENDANT TEMPLE-INLAND DISABILITY HEALTH AND WELFARE PLAN AND TEMPLE INLAND FOREST PRODUCTS CORPORATION'S ANSWER AND RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION, INTERROGATORIES AND RELATED REQUEST FOR PRODUCTION

COME NOW Defendants Temple-Inland Disability Health and Welfare Plan ("Temple Inland Plan") and TIN, Inc. formerly known as Temple Inland Forest Products Corporation ("Temple-Inland" or collectively "Defendants") and hereby respond and object to Plaintiffs' Discovery Requests as follows:

Defendants' objections are made without waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1.      Any additional objections that Defendants may make.  All such objections are expressly preserved;

2.      All questions as to competency, relevancy, materiality, and admissibility of any documents produced or information provided by Defendants;

3.      Defendants expressly object to providing any documents protected from discovery by the attorney/client privilege, work-product immunity, self-evaluative privilege, or

any other applicable privilege or immunity.  Any inadvertent production of privileged materials does not constitute a waiver.

4.     The right of any party to object on any grounds to the use of the information and documents, or the subject matter thereof, produced in response to these requests in any subsequent proceeding in, or the trial of, this or any other action; and

5.     The right of any party to object on any ground at any time to a demand for further response to these or any other discovery procedures involving or related to the subject matter of the discovery requests herein answered.

## **GENERAL OBJECTIONS**

1.     Defendants object to the discovery requests to the extent that they are overly broad, unduly burdensome, irrelevant, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendants object to the discovery requests to the extent that they call for the production of documents or information that contain confidential, trade or business data, or other nonpublic, confidential or proprietary information.

3.     Defendants object to the discovery requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted lawsuit subject to a "heightened" arbitrary and capricious review.  The issue before the Court is whether the claims decision was "arbitrary and capricious" and the appropriate scope of "discoverable" information is limited to the administrative record and Plan documents.

## SPECIFIC RESPONSES AND OBJECTIONS TO DISCOVERY REQUESTS

**REQUEST NO. 1:**  Please state the name, position, job description, duties, employer, and business address of the person(s) responding to these interrogatories.

**RESPONSE: Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine.  Without waiver of the foregoing objections, these responses were completed by Cecilia Cornelius, Health and Welfare Administrator, with the assistance of the undersigned counsel.  Ms. Cornelius must be contacted through undersigned counsel.  The objections were completed by the undersigned counsel.**

**REQUEST NO. 2:**  Please state the name, address, title, and employer of all individuals involved in the evaluation and determination of the Plaintiff's right to benefits, and provide a description of the activities undertaken by each individual with regard to the Plaintiff's claim for benefits.  This response shall include any claim for short term or long term disability benefits or any other benefits afforded under the Employee Welfare Benefit Plan at issue.

**RESPONSE:  In response to this Request, Defendants state that this information was previously provided to Plaintiff in connection with Defendants' Rule 26 Initial Disclosures.  The previously produced documents speak for themselves with respect to the activities taken by any particular individual and the individuals identified therein are incorporated in the response.  Without limitation, Defendants recite from Defendants' production the following individuals "involved in the evaluation and determination of the Plaintiff's right to benefits": Cecilia Cornelius, Health and Welfare Administrator, Cathy Dover, Human Resources Manager, Benefits, Stacy Russell, Senior Health and Welfare**

Administrator, Sharon McClish, Lead Health and Welfare Administrator, Anissa Valdez, Retirement Plan Administrator. *See* TempleInland/Cleiland 1, 9, 13-19, 26-27, 57, 58, 65, 71, 72, and 75-85.

**REQUEST NO. 3:** Identify any and all of your employees who reviewed any portion of the Plaintiff's claim for benefits.

**RESPONSE: Defendants object to this Request to the extent it is duplicative of Request No. 2 and to the extent it seeks irrelevant information not related to Plaintiff's claim for long-term disability benefits under the heightened arbitrary and capricious standard of review. Without waiver of the foregoing objections and without limitation, Defendants state that Cecilia Cornelius, Health and Welfare Administrator, reviewed correspondence from Life Insurance Company of North America ("LINA") regarding Plaintiff's claim for long-term disability benefits. *See* TempleInland/Cleiland 13-19.**

**REQUEST NO. 4:** State the specific entity or individual who, under the terms of the plan, is granted discretionary authority in order to determine the eligibility for benefits.

**RESPONSE: Defendants object to this Request to the extent it calls for legal conclusions and seeks information protected by the attorney-client privilege and attorney work product doctrine. Without waiver of the foregoing objections, Defendants state that LINA has been granted discretionary authority "to determine the eligibility for benefits".**

**REQUEST NO. 5:** Admit that Life Insurance Company of North America is not granted discretionary authority under the terms of the Plan.

**RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion and seeks information protected by the attorney-client privilege and attorney**

work product doctrine.  **Without waiver of the foregoing objections, Defendants deny Request No. 5.**

**REQUEST NO. 6:**  Admit that you have produced all plan documents and all insurance policies within your possession, custody or control that provide any coverage to the Plaintiff or under which the Plaintiff is a beneficiary and/or participant.

**RESPONSE: Upon information and belief, Defendants state that they have produced all relevant plan documents within their possession.**  *See* **TempleInland/Cleiland 86-322.**

**REQUEST NO. 7:**  Admit that you complied with Rules of Civil Procedure in providing your initial disclosures and specifically in providing electronically stored information.

**RESPONSE:  Defendants object to this Request to the extent it calls for a legal conclusion and seeks information protected by the attorney-client privilege and attorney work product doctrine.  Without waiver of the foregoing objections, Defendants admit Request No. 7.**

**REQUEST NO. 8:**   Admit that you have produced all documents within your possession, custody, or control that pertain to or reference that Plaintiff's claim for benefits.

**RESPONSE: Upon information and belief, Defendants state that they have produced all documents within their possession responsive to Request No. 8.**  *See* **TempleInland/Cleiland 1- 322.**

**REQUEST NO. 9:**   Admit that you have complied with the Department of Labor Regulations regarding the production of documents pertaining to or referencing the Plaintiff's claim for benefits.

**RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion and seeks information protected by the attorney-client privilege and attorney work product doctrine. Without waiver of the foregoing objection, Defendants admit Request No. 9.**

**REQUEST NO. 10:** If you have not produced all documents that pertain to or reference the Plaintiff's claim for benefits (to include internal electronic mail messages, correspondence, memorandum, or any documents generated that refer to the Plaintiff or the Plaintiff's claim for benefits) then please list below those documents that were not produced.

**RESPONSE: Upon information and belief, Defendants state that they have produced all relevant documents within their possession and that they have no information or documents responsive to this request.**

**REQUEST NO. 11:** State all benefits to which the Plaintiff would be entitled were the Plaintiff determined to be disabled under the long term disability insurance policy portion of the employee welfare benefit plan, to include any pension benefits, continuing healthcare coverage, or any other benefits available based upon that finding of disability under the long term disability insurance policy portion of the employee welfare benefits plan.

**RESPONSE: In response to Request No. 11, Defendants state that the Plan documents produced in connection with Defendants' Rule 26 Initial Disclosures speak for themselves with respect to the employee benefits available to disabled employees.**

**REQUEST NO. 12:** As to all those additional benefits set forth within your response to the interrogatory above, provide all documents pertaining to or referencing those additional benefits,

to include enrollment forms, and any Plaintiff's employee file or files that contain any information on Plaintiff's enrollment for those benefits.

**RESPONSE: In response to Request No. 12, Defendants state that documents responsive to this Request were previously provided in connection with their Rule 26 Initial Disclosures.**

**REQUEST NO. 13:** Provide all enrollment forms, employee files, or any other files within your possession, custody or control regarding the Plaintiff, and any benefits provided by your company to employees. The documents produced should include any enrollment forms for any/and all life insurance, short term disability insurance, long term disability insurance, or any other insurance or welfare benefits provided to employees.

**RESPONSE: Defendants object to this Request on the grounds that it is overly broad and unduly burdensome and to the extent it seeks irrelevant information and documents not related to Plaintiff's claim for long-term disability benefits under the heightened arbitrary and capricious standard of review.**

**REQUEST NO. 14:** In responding to these interrogatories and requests for production, if you have, by way of a general objection or a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, state the following with respect to each such response for which said privilege is asserted:

**RESPONSE: At this time, Defendants have no documents or information responsive to this request. Defendants do not waive their right to claim attorney-client**

privilege or work product privilege with respect to production of documents or information sought subsequent to this time.

(b)    The author(s) of the document;

RESPONSE: At this time, Defendants have no documents or information responsive to this request. Defendants do not waive their right to claim attorney-client privilege or work product privilege with respect to production of documents or information sought subsequent to this time.

(c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

RESPONSE: At this time, Defendants have no documents or information responsive to this request. Defendants do not waive their right to claim attorney-client privilege or work product privilege with respect to production of documents or information sought subsequent to this time.

(d)    The factual basis for your privilege claimed;

RESPONSE: At this time, Defendants have no documents or information responsive to this request. Defendants do not waive their right to claim attorney-client privilege or work product privilege with respect to production of documents or information sought subsequent to this time.

(e)    The specific privilege claimed; and

RESPONSE: At this time, Defendants have no documents or information responsive to this request. Defendants do not waive their right to claim attorney-client privilege or work

product privilege with respect to production of documents or information sought subsequent to this time.

(f)     The location of the document.

**RESPONSE: At this time, Defendants have no documents or information responsive to this request. Defendants do not waive their right to claim attorney-client privilege or work product privilege with respect to production of documents or information sought subsequent to this time.**

As to Responses to Interrogatories:

_____

Temple-Inland    Disability    Health    and
Welfare Plan and TIN, Inc.

As to Objections to Interrogatories and
Responses and Objections to Request for
Production and Request for Admission:

_Grace R. Murphy_____

William B. Wahlheim, Jr
John David Collins
Grace Robinson Murphy

Attorneys    for    Defendants    Temple-Inland
Disability    Health    and    Welfare    Plan    and
TIN, Inc.

01552447.1                              9

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue, North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons via U.S. Mail this the _4th_ day of January, 2008.

Thomas O. Sinclair, Esq.
Jenifer Champ Wallis, Esq.
Campbell, Gidiere, Lee, Sinclair, & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

_Grace R. Murphy_
Of Counsel