## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| CATHY CLEILAND; | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 2:07-CV-00486-MEF-SRW |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA; | ) | |
| TEMPLE-INLAND DISABILITY | ) | |
| HEALTH AND WELFARE PLAN; and | ) | |
| TEMPLE INLAND FOREST PRODUCTS | ) | |
| CORPORATION; | ) | |
| | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S THIRD MOTION TO COMPEL

COMES NOW the Plaintiff, Cathy Cleiland, and files this Third Motion To Compel seeking an order from this Court requiring Defendant Life Insurance Company of North America ("LINA") to produce all of its manuals, documents, and guidelines outlining the manner in which it is to investigate or handle claims for long term disability benefits. Whether Defendant LINA followed its own guidelines, rules and procedures in its handling of Plaintiff's claim for benefits is clearly relevant in this Court's determination of whether Defendant's denial of Plaintiff's claim is arbitrary and capricious as a matter of law pursuant to the applicable heightened arbitrary and capricious standard. Plaintiff hereby certifies

1

that she has, by and through her counsel of record, "in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action," as is evidenced by Exhibit A attached hereto. Plaintiff requested such documents with her November 19, 2007 Discovery Requests.

Plaintiff's pertinent Requests for Production are:

7.  Produce each rule, guideline, criteria, law, regulation, or other document considered by you in your administration of Plaintiff's claim for benefits.

10.  Produce any and all internal memorandum, correspondence, email or guidelines detailing the manner in which the Plaintiff's claim was to be investigated, including any and all documents of your subsidiaries, or predecessors in interest, detailing the steps to be undertaken in the investigation of the Plaintiff's claim.

25.  Produce a complete customer care center claims manual or claims manual or customer care manual and procedure manuals to include any additions, revisions, deletions or other changes that have been made to said manuals which were used or available for use in the adjudication and/or administration of the Plaintiff's claim.

26.  Produce documents that in any way refer, reflect, or relate to the proper method of handling claims involving those medical conditions specified within the Plaintiff's claim and those conditions assessed by you or your employees or consultants.  This response should include those documents used by your employees to evaluate the Plaintiff's medical condition; and studies you have undertaken with respect to the nature, treatment and care of the Plaintiff's medical condition.

28.  Produce any and all documents referring or relating in any way to the Plaintiff's claim or the manner in which the Plaintiff's claim is to be managed.

Defendants objected and did not produce any of the requested policies and procedures. *See* Exhibit B. Defendants now assert that they will not produce the requested documents. *See* Exhibit A, Correspondence from Grace Murphy dated February 7, 2008. Whether Defendant LINA followed its own policies and procedures regulating how it is to handle claims for long term disability benefits, including the Plaintiff's, is clearly relevant in this Honorable Court's determination of whether its denial of benefits was arbitrary and capricious as a matter of law.

Plaintiff therefore respectfully requests this Honorable Court grant her Third Motion to Compel and order Defendant LINA to produce all of its manuals, policies and regulations outlining the manner in which it is to investigate and handle claims for long term disability benefits.

/s/ Jenifer Champ Wallis
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Thomas O. Sinclair
Jenifer Champ Wallis
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
T: (205) 803-0051
F: (205) 803-0053

3

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that on the 28th day of February, 2008, a copy of the foregoing was filed electronically using this Court's electronic filing system. Notice of this filing is due to be served by operation of the Court's electronic filing system to the following parties indicated on the electronic filing receipt as participants in the Courts CM/ECF system:

**Attorneys for Defendants**
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203-2602


/s/Jenifer Champ Wallis
Of Counsel

# EXHIBIT A

# CGL

## Campbell, Gidiere, Lee
## Sinclair & Williams
ATTORNEYS AT LAW

**JENIFER CHAMP WALLIS**
jwallis@cgl-law.com

January 9, 2008

Grace R. Murphy, Esquire
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Re: *Cleland, Cathy v. Life Insurance Co. of North America, et al.*
**United States District Court of Alabama, Middle District**
**Civil Action No: 2:07-cv-00486-MEF-SRW**

Dear Grace:

I am in receipt of your discovery responses on behalf of the Life Insurance Company of North America, TIN, Inc. and Temple-Inland Disability Health and Welfare Plan. Your clients' discovery responses are far from complete. Please meet with your team and schedule a time, of approximately two hours total to discuss both Thoele and Cleland, between Tuesday and Thursday of next week, January 15 – 17, that Tom and I may come to your offices and discuss these issues with you in an effort to resolve them without court intervention. If we have not come to a resolution on this issue by Friday January 18, 2008, we will be filing a Motion to Compel.

I look forward to hearing from you.

Sincerely,

Jenifer Champ Wallis

JCW/kdg

cc:
Thomas O. Sinclair, Esquire
William B. Walheim, Jr., Esquire
John David Collins, Esquire



**JENIFER CHAMP WALLIS**
jwallis@cgl-law.com

January 11, 2008

## VIA FACSIMILE AND US MAIL

Grace R. Murphy, Esquire
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

> **Re:** *Cleiland, Cathy v. Life Insurance Co. of North America, et al.*
> United States District Court of Alabama, Middle District
> Civil Action No: 2:07-cv-00486-MEF-SRW

Dear Grace:

I have tried to reach you numerous times this week in an effort to schedule a Rule 37 conference with your team, Tom and me. I requested this conference via letter dated January 9, 2008, which I faxed to your attention. Tom and I are willing to take time out of our schedules next week in order to come to your office and discuss your clients' discovery responses in order to hopefully get a resolution to this matter without Court intervention. We are asking to meet with you at your office in order to go over each and every discovery request, your clients' response and why that response is inadequate.

As the matter stands, your clients' responses have essentially granted their own unfiled motion for a protective order. If, after our Rule 37 conference your clients still feel they do not need to respond to all of our discovery requests they will need to file such a protective order. Merely objecting and not providing full and complete responses is not the proper manner for your clients' to assert their position.

Please contact me at your earliest convenience to set up this Rule 37 conference. I look forward to hearing from you.

Sincerely,

Jenifer Champ Wallis

JCW/kdg

cc: Thomas O. Sinclair, Esquire
William B. Walheim, Jr., Esquire
John David Collins, Esquire

PH 205 803-0051 • 800 540-1311 • FX 205 803-0053 • www.cgl-law.com
2100-A Southbridge Parkway • Suite 450 • Birmingham • Alabama 35209



**Campbell, Gidiere, Lee
Sinclair & Williams**

ATTORNEYS AT LAW

JENIFER CHAMP WALLIS
jwallis@cgl-law.com

January 11, 2008

## VIA FACSIMILE AND US MAIL

Grace R. Murphy, Esquire
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

> Re: *Cleiland, Cathy v. Life Insurance Co. of North America, et al.*
> **United States District Court of Alabama, Middle District**
> **Civil Action No: 2:07-cv-00486-MEF-SRW**

Dear Grace:

The purpose of this letter is to confirm the substance of our conversation this evening. You stated that you will speak to John David Collins and confirm his availability for next Friday, January 18, 2008, as the date for our Rule 37 conference related to your clients' discovery responses. Tom and I are both available Friday.

As I stated in our conversation, we are asking for this Rule 37 conference in order to go over our concerns with each and every one of our discovery requests, your clients' responses to the same and why we feel their responses are inadequate.

We look forward to meeting with you.

Sincerely,

Jenifer Champ Wallis

JCW/kdg

cc:    Thomas O. Sinclair, Esquire
William B. Walheim, Jr., Esquire
John David Collins, Esquire

# CɢL   Campbell, Gidiere, Lee
# Sinclair & Williams
ATTORNEYS AT LAW

**JENIFER CHAMP WALLIS**
jwallis@cgl-law.com

February 5, 2008

## VIA FACSIMILE AND US MAIL

Grace R. Murphy, Esquire
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Re:   *Cleiland, Cathy v. Life Insurance Co. of North America, et al.*
**United States District Court of Alabama, Middle District**
**Civil Action No: 2:07-cv-00486-MEF-SRW**

Dear Grace:

As the correspondence in this case reflects, I have been attempting for almost a month now to schedule a meeting, at your convenience and at your offices, in which to discuss your client's deficient discovery responses in the above referenced matter. We are now within a week of the dispositive motion deadline and you have consistently refused such a meeting.

On January 9, 2008, we received LINA's Responses to Plaintiff's First Request for Production, LINA's Responses to Plaintiff's Interrogatories and the Temple Inland Defendants' Answer and Responses to Plaintiff's Request for Admission, Interrogatories and Related request for production. Responses to Plaintiff's First Request for Admission to LINA were not provided and are long overdue.

We are a mere four days from the deadline to file motions for summary judgment in this matter and you have not provided "any and all agreements or service agreements" as is requested in RFP 1. This RFP would include any agreement between your client (and/or any of its related entities) and Advantage 2000 Consultants, Inc. RFP 2 specifically requests "all correspondence, memoranda or service agreements" between your client (and/or any of its related entities) and Advantage 2000. Your client has failed to provide any documents responsive to this request. RFPs 7, 10, 25, 26, and 28 were specifically direct towards your client's own standards, rules and guidelines to be followed in its adjudication of plaintiff's claim for benefits. Whether your client followed its own procedures in its adjudication of plaintiff's claim for benefits would clearly have bearing on whether your client's denial of plaintiff's claim was arbitrary and capricious yet they have failed to produce responsive documents.

Likewise, Plaintiff's Interrogatories contain several requests, namely, 2, 3, 4, which are geared to determine the _employer_ of those individuals involved in the evaluation and determination of plaintiff's claim. Your client's responses do not adequately identify the employer of all such requested individuals. Specifically, in response to interrogatory 4, your client answers "appeals claims examiner Noemi Martinez-Landis is employed _with_ LINA." Is LINA Ms. Martinez-Landis' employer? Does Ms. Martinez-Landis have other employers, such as CIGNA or other entities? If so please advise.

Additionally, in response to Interrogatory 3, your client answers that "Noemi Landis wrote the final letter". The question however, asks the specific person responsible for the final decision to deny benefits. If Ms. Martinez-Landis is, in fact, the specific person responsible for the final decision to deny benefits, please respond that this is the case. If Ms. Martinez-Landis merely wrote the letter but some other person was actually responsible for the final decision that Ms. Martinez-Landis communicated in her letter, please identify that person as well as that person's employer.

Because of the extended length of time we have been attempting to obtain your client's full and complete responses to our requests and the little time remaining before the Summary Judgment deadline, we will have to file a Motion to Compel by this Thursday if responses are not provided by that time.

I am writing this letter as a professional courtesy to you before filing such a Motion to Compel and to offer that if your client will 1) provide its agreements with Advantage 2000 Consultants, as we have requested in our discovery requests, 2) provide its internal rules, policies and manuals regarding how to investigate and evaluate plaintiff's claim, as was requested in plaintiff's discovery requests, and 3) identify the specific person who made the final determination as to plaintiff's benefits as well as that persons employer, we will hold off on filing such a Motion to Compel.

The Advantage 2000 Consultants service agreement as well as the identification of the individual who made the final determination on plaintiff's claim for benefits should not be difficult for your client to produce by Thursday. Therefore your client should have no trouble in producing the requested documentation and information to us by this Thursday and we will not have to file a Motion to Compel.

I look forward to hearing from you.

Sincerely,

Jenifer Champ Wallis

JCW/kdg

cc:    Thomas O. Sinclair, Esquire



MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

Grace Robinson Murphy
DIRECT 205.254.1170
EMAIL gmurphy@maynardcooper.com

February 7, 2008

VIA FACSIMILE AND U.S. MAIL          FEB 11 2008
Jenifer Champ Wallis
CAMPBELL, GIDIERE, LEE,
    SINCLAIR & WILLIAMS, L.L.C.
2100-A Southbridge Parkway, Suite 450
Birmingham, Alabama 35209

Re:    *Cathy Cleiland v. Life Insurance Co. of North America, et al.*
       United States District Court of Alabama, Middle District
       Civil Action No: 2:07-cv-00486-MEF-SRW

Dear Jenifer:

    Thank you for your letter dated February 5, 2008. We appreciate the written clarification of your concerns with our previously served discovery responses and objections. I have reviewed our file and it does not appear that we were served with Plaintiff's First Request for Admission. Can you kindly resend us this pleading and we will promptly provide responses?

    With respect to the other discovery concerns identified in your letter, let me first confirm in response to Interrogatory No. 4 that Life Insurance Company of North America ("LINA") is Noemi Martinez-Landis' employer. Also, I can clarify our written response as follows: Noemi Martinez-Landis made the final benefits decision on Plaintiff's claim after obtaining a medical record review opinion from Associate Medical Director Dr. John Mendez. *See* LINA/Cleiland 14-17.

    At this time, we must maintain our objections to your request for the production of both (1) the agreement with Advantage 2000 Consultants, Inc.; and (2) LINA's "internal rules, policies, and manuals regarding how to investigate and evaluate plaintiff's claim". Both documents are considered confidential and proprietary by my client. The agreement with Advantage 2000 Consultants, Inc. is irrelevant to Plaintiff's claim for benefits and beyond the scope of admissible evidence in this ERISA preempted lawsuit subject to a heightened arbitrary and capricious standard of review. Prevailing case law makes clear that there are distinct differences between the standards for disability under private coverage and under the government program. Moreover, we do not believe the allegations in Count III of Plaintiff's Complaint state a cognizable claim for equitable estoppel under ERISA. In addition, you should be in possession of all Advantage 2000 Consultants, Inc.'s documents given your non-party subpoena to the company (of which we were not provided notice).

    We believe that the Eleventh Circuit's guidance on the scope of the discovery in cases subject to a heightened arbitrary and capricious standard of review (such as our case) prevents

February 7, 2008
Page 2

open-ended discovery and certainly precludes production of agreements with third parties not involved in the evaluation of Plaintiff's claim for LTD benefits under the applicable policy. See, e.g. Jett v. Blue Cross and Blue Shield of Ala., 890 F.2d 1137 (11th Cir. 1989); Lee v. Blue Cross and Blue Shield of Ala., 10 F.3d 1547 (11th Cir. 1994). It is well settled law in this Circuit that, when reviewing an ERISA benefits denial under the arbitrary and capricious standard, the court's review is limited to the facts before the decision-maker at the time the claims decision was made; i.e., the plan documents and administrative record. Jett, 890 F.2d at 1139; Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1326 (11th Cir. 2000). This standard is equally applicable even if a potential conflict of interest triggers the heightened standard of review. Lee, 10 F.3d at 1550 (11th Cir. 1994) (looking "only to the facts known to the administrator at the time the decision was made" in a heightened arbitrary and capricious case); Richards v. Hartford Life & Accident Ins. Co., 2005 U.S. App. LEXIS 23871 at n.1 (11th Cir. November 3, 2005) (affirming district court's decision not to consider plaintiff's social security award and physician affidavits in reviewing claim administrator's benefits decision under heightened arbitrary and capricious standard); Menard v. Hartford Life and Accident Ins. Co., 2007 U.S. App. LEXIS 29719 (11th Cir. Dec. 21, 2007).

Again, my client's position is that the Court in the instant case will review the administrative record developed by LINA and determine whether its claim decision is due to be affirmed, or overturned as arbitrary and capricious. This standard does not permit introduction of documents outside the administrative record, namely any agreement with Advantage 2000 Consultants, Inc. or the claims manual. LINA produced its entire administrative record in this action (1088 total pages) in connection with its Rule 26 Initial Disclosures. There is simply no basis for either party to supplement the record through discovery. I would ask that you reconsider your position. If not, I understand that we may need a Court ruling and LINA will seek a protective order in the event that you file a motion to compel.

Yours very truly,

*Grace R. Murphy*

Grace Robinson Murphy

GRM/hy
cc:    William B. Wahlheim, Jr.

MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CATHY CLEILAND, | ) | JAN   9  2008 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH | ) | CIVIL ACTION NO. : |
| AMERICA, TEMPLE INLAND | ) | 2:07-CV-00486-MEF-SRW |
| DISABILITY HEALTH AND WELFARE | ) | |
| PLAN, and TEMPLE INLAND FOREST | ) | |
| PRODUCTS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant Life Insurance Company of North America (hereinafter referred to as "Defendant" or "LINA"), by and through its attorneys, submits the following responses to Cathy Cleiland's (hereinafter referred to as "Plaintiff") First Request for Production. LINA's objections are made without waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1.     Any additional objections that LINA may make.  All such objections are expressly preserved;

2.     All questions as to competency, relevancy, materiality, and admissibility of any documents produced or information provided by LINA;

3.     LINA expressly objects to providing any documents protected from discovery by the attorney/client privilege, work-product immunity, self-evaluative privilege, or any other

1

applicable privilege or immunity. Any inadvertent production of privileged materials does not constitute a waiver.

4.    The right of any party to object on any grounds to the use of the information and documents, or the subject matter thereof, produced in response to these requests in any subsequent proceeding in, or the trial of, this or any other action; and

5.    The right of any party to object on any ground at any time to a demand for further response to these or any other discovery procedures involving or related to the subject matter of the discovery requests herein answered.

## GENERAL OBJECTIONS

1.    LINA objects to the discovery requests to the extent that they are overly broad, unduly burdensome, irrelevant, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

2.    LINA objects to the discovery requests to the extent that they call for the production of documents or information that contain confidential, trade or business data, or other nonpublic, confidential or proprietary information.

3.    LINA objects to the discovery requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted lawsuit subject to a "heightened" arbitrary and capricious review. The issue before the Court is whether the claims decision was "arbitrary and capricious" and the appropriate scope of "discoverable" information is limited to the administrative record and Plan documents.

## II.    SPECIFIC RESPONSES AND OBJECTIONS

1.    Produce any and all agreements or service agreements wherein you have agreed to certain terms governing the responsibilities in relation to the insurance policies purchased by the Plaintiff or the Plaintiff's employer.  This request for production is to encompass any service agreements whereby you agree to provide or had another entity agree to provide service relative to the Plaintiff's policies or the Plaintiff's employer's policies.

**RESPONSE: LINA objects to this Request on the grounds that it is vague, overly broad and seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted action subject to a heightened arbitrary and capricious standard of review.  LINA further objects to this Request on the grounds that it seeks confidential and proprietary information and documents without a sufficient showing of need.  Without waiver of the foregoing objections, LINA states that it has previously produced Policy No. FLK-020104 and amendments thereto, LINA/Cleiland 480-515, which is the agreement between policyholder Temple-Inland Forest Products Corporation and LINA.**

2.    Please produce any and all correspondence, memoranda or service agreements, or agreements known by any other name wherein Advantage 2000 and you agreed to certain compensation and/or consideration in exchange for certain service to be provided in the administration and/or adjudication of the Plaintiff's Social Security claim.  This request for production is to encompass any service agreements and/or agreements wherein you contracted with Advantage 2000 to perform any administrative duties.

01552447.1                                          3

**RESPONSE:  LINA objects to this Request on the grounds that it is overly broad and seeks irrelevant, confidential and proprietary documents not related to Plaintiff's claim for long-term disability benefits under the heightened arbitrary and capricious standard of review.**

3.  Produce and identify by Bates numbers those documents within your possession, custody or control that reference or pertain to the Plaintiff's claim for benefits, the Plaintiff's application for insurance, to include any claim file, the application file, independent medical examination file, or any other related file referencing or pertaining to the Plaintiff's claim or claims for benefits.  This request includes any files pertaining to any other policies or coverage purchased by the Plaintiff or the Plaintiff's employer.

**RESPONSE:  In response to Request No. 3, LINA states that it has previously produced documents responsive to this request, including the claims files for Plaintiff's short and long-term disability claims. *See* LINA/Cleiland 0001-1088.**

4.  Produce and identify by Bates number every medical report (to include any generic medical reports not specifically pertaining to the Plaintiff but used in referencing the restrictions and limitations pertaining to the Plaintiff's disability) considered or available for consideration in the process of evaluating the Plaintiff's application for benefits.  This response should include any internal memorandum regarding the Plaintiff's claims, to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

**RESPONSE: LINA objects to this Request on the grounds that it is vague and overly broad.  Without waiver and without limitation, LINA states that the following bates-**

stamp pages previously produced in connection with LINA's Rule 26 Initial Disclosures reflect documents responsive to this request: LINA/Cleiland 14-15, 16-17, 61, 64-66, 70-73, 93, 154, 163, 167, 245-46, 339-41, 392-426, 429-31, 600, 680-82, 693, 698-99, 739-41, 744-45, 781-82, 849-50, 903, 947, 954, 959, 975, 1012, 1019, 1035, and 1062.

5.     Produce and identify by Bates number every report other than medical reports (for example, without limitation, the reports of rehabilitation services or any other such similar service) considered in or generated in the process of evaluating the Plaintiff's claim for benefits.

**RESPONSE: LINA objects to this Request on the grounds that it is vague and overly broad. Without waiver and without limitation, LINA states that the following bates-stamp pages previously produced in connection with LINA's Rule 26 Initial Disclosures reflect documents responsive to this request: LINA/Cleiland 99-100, 134, 164, 366-89, 826-29, 835-38, 903, and 928-29.**

6.     Produce and identify by Bates number any other reports or opinions received or discovered in any manner that the Defendant received or relied upon in the evaluation of the Plaintiff's claim for benefits.

**RESPONSE: LINA objects to this Request on the grounds that it is duplicative of Requests Nos. 4 and 5, vague and overly broad. Without waiver and without limitation, LINA states that the following bates-stamp pages previously produced in connection with LINA's Rule 26 Initial Disclosures reflect documents responsive to this request: LINA/Cleiland 817-25, 905.**

7.     Produce each rule, guideline, criteria, law, regulation, or other document considered by you in any way in your administration of Plaintiff's claim for benefits.

RESPONSE: LINA objects to this Request on the grounds that it is overly broad and seeks irrelevant, confidential and proprietary documents and documents not reasonably calculated to lead to the discovery of admissible evidence in Plaintiff's claim for long-term disability benefits under the heightened arbitrary and capricious standard of review. LINA further objects to this Request to the extent it seeks information protected by the attorney client privilege and attorney work product doctrine.

8.     Produce, and reference by Bates number, each and every policy ever purchased by the Plaintiff from you or any of your subsidiaries, to include group policies purchased by Plaintiff's employer.

RESPONSE: LINA objects to this Request on the grounds that it is overly broad and seeks irrelevant documents in this ERISA-preempted lawsuit subject to a heightened arbitrary and capricious standard of review. Without waiver of the foregoing objections, LINA states that it previously produced the applicable long-term disability policy, Policy No. FLK-020104. *See* LINA/Cleiland 480-515.

9.     Produce any correspondence, emails, or memorandum between you and the Plaintiff's employer regarding administration or interpretation of policy terms for any policy purchased by Plaintiff or Plaintiff's employer. This response should include any correspondence between the Plaintiff's employer and any entity, subsidiary, broker, predecessor in interest, or your agents.

RESPONSE: LINA objects to this Request on the grounds that it is vague, overly broad and seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted action subject to a heightened arbitrary and

capricious standard of review. LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need. Without waiver of the foregoing objections, LINA states that it has previously produced documents responsive to this request, *i.e.* correspondence between Plaintiff's former employer and LINA regarding the adjudication of Plaintiff's claim for benefits, in connection with its Rule 26 Initial Disclosures.

10.     Produce any and all internal memorandum, correspondence, email or guidelines detailing the manner in which the Plaintiff's claim was to be investigated, including any and all documents of your subsidiaries, or predecessors in interest, detailing the steps to be undertaken in the investigation of the Plaintiff's claim.

RESPONSE: LINA objects to this Request on the grounds that it is vague, overly broad and seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted action subject to a heightened arbitrary and capricious standard of review. LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need. Without waiver of the foregoing objections, LINA states that it previously produced the applicable policy in this action. *See* LINA/Cleiland 480-515.

11.     Produce documents detailing the organizational structure of the claims handling departments to include appellate departments, investigational departments, reference departments, medical departments or any other departments which played any role in the adjudication, administration and/or investigation of the Plaintiff's claim, or provided any

services in relation to the administration of the Plaintiff's claims. These documents should identify, among others, those persons who were involved in the adjudication of Plaintiff's claims.

**RESPONSE: LINA objects to this Request on the grounds that it is vague, overly broad and seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted action subject to a heightened arbitrary and capricious standard of review. LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need. Without waiver of the foregoing objections, LINA states that its claims filed produced previously in connection with its Rule 26 Initial Disclosures identified those persons involved in the adjudication of Plaintiff's claim. *See also* LINA's Response to Interrogatory No. 2.**

12.    Produce all electronically stored information referencing or pertaining to the Plaintiff's claim.

**RESPONSE: LINA objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Without waiver of the foregoing objections, LINA states that it previously produced electronically stored information generated as part of the process of reviewing Plaintiff's claim, including but not limited to e-mail and the electronic claims diary, LINA/Cleiland 0001-0227.**

13.    Produce curriculum vitae for any medical personnel, to include nurses, doctors, surgeons, whether RNs, LPNs, or MD's, or Ph.D.'s who reviewed and/or consulted on the Plaintiff's claim, medical records or any other materials related to the Plaintiff's claim for benefits.

01552447.1                                    8

RESPONSE: LINA objects to this Request on the grounds that it is overbroad and to the extent it seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted action subject to a heightened arbitrary and capricious standard of review. Without waiver of the foregoing objections, LINA states that it is producing contemporaneously herewith the curriculum vitae for its medical professionals currently within its possession. *See* LINA/Cleiland 1089-1099.

14.   Produce any and all documentation, to include checks, authorizations for payment, or any other documentation detailing the amount paid or that may be paid to the Plaintiff under any policy purchased by the Plaintiff or in which the Plaintiff is a designated beneficiary.

RESPONSE: LINA objects to this Request on the grounds that it is overly broad and seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted action subject to a heightened arbitrary and capricious standard of review. Without waiver of the foregoing objections, LINA states that it previously produced in connection with its Rule 26 Initial Disclosures both the applicable policy and benefit information for Plaintiff's claim. *See, e.g.,* LINA/Cleiland 480-515, 468.

15.   Produce all file folders, adjacent exhibit folders, documents, communications, and/or investigator reports pertaining to the Plaintiff.

RESPONSE: Upon information and belief, all documents responsive to this Request have been previously produced in connection with LINA's Rule 26 Initial Disclosures. *See* LINA/Cleiland 0001-1088.

16.    Produce all "administrative messages", emails, or any other form of internal communication, reflecting or relating to any communications referencing or pertaining to the Plaintiff's claim for benefits.

**RESPONSE: LINA objects to this Request on the grounds that it is overly broad and to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Without waiver of the foregoing objections and upon information and belief, LINA states that all documents responsive to this Request have been previously produced, including but not limited to e-mails and LINA's electronic claims diary for this claim.** *See* **LINA/Cleiland 0001-0227.**

17.    Produce all documents referencing or regarding the Plaintiff prepared by or provided to any physician or medical professional employed by or retained by you or any person or entity acting on your behalf.

**RESPONSE: Upon information and belief, all documents responsive to this Request have been previously produced in connection with LINA's Rule 26 Initial Disclosures.**

18.    Produce all documents created by or provided by you, your consultants, employees, subsidiaries, or predecessors or successors in interest, regarding the assessment of the Plaintiff's medical condition and how that condition may affect the Plaintiff's ability to work.

**RESPONSE: Upon information and belief, all documents responsive to this Request have been previously produced in connection with LINA's Rule 26 Initial Disclosures.**

19.    Produce all documents reflecting financial bonuses, incentives, stock options, honors, awards, or any other type of compensation or program available to company personnel

working with the departments directly responsible for the adjudication or assessment of the Plaintiff's claims.

**RESPONSE: LINA objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks personal information. LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need.**

20.    Produce all documents relating to rewards, bonuses, awards, incentives, or remuneration, whether financial or not, given to any of your employees who handled the Plaintiff's claims.

**RESPONSE: LINA objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks personal information. LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need.**

21.    Produce any internal audit reports, or any document evidencing said internal audit of the files handled by your employees who worked on the Plaintiff's claim. This request for production is intended to garner those documents within your possession, custody or control, that document any internal audit conducted of the Plaintiff's claim files.

**RESPONSE: LINA objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks personal information. LINA further objects to this Request on the grounds that it seeks confidential and proprietary information without a sufficient showing of need. Without waiver of the foregoing objections and upon information and belief, LINA states that it possesses no documents responsive to this request.**

01552447.1                                    11

22.    Produce all documentation prepared by you or on your behalf that reflects, refers, or establishes those duties of the Plaintiff's occupation before the Plaintiff filed a claim.

**RESPONSE: LINA objects to this Request on the grounds that it is vague. Without waiver of the foregoing objections, LINA states that it previously produced documents responsive to this request. See, e.g., LINA/Cleiland 99-100, 134, 164, 826-29, 835-38, 905, and 928-29.**

23.    Produce any statement, telephone recording or tape conversation which reflects Plaintiff's conversations or communications with you, your employees, agents, or representatives.

**RESPONSE: Upon information and belief, all documents responsive to this Request have been previously produced in connection with LINA's Rule 26 Initial Disclosures. In further response, LINA states that it possesses no telephone recordings or taped conversations with Plaintiff.**

24.    Produce any tapes or recordings in unedited format, by whatever media, including any surveillance tapes, of the Plaintiff.

**RESPONSE: Upon information and belief, LINA states that it possesses no documents responsive to this request.**

25.    Produce a complete customer care center claims manual or claims manual or customer care manual and procedure manuals to include any additions, revisions, deletions, or other changes that have been made to said manuals which were used or available for use in the adjudication and/or administration of the Plaintiff's claims.

**RESPONSE: LINA objects to this Request on the grounds that it is overly broad and seeks irrelevant, confidential and proprietary documents not related to Plaintiff's claim for long-term disability benefits under the heightened arbitrary and capricious standard of review.**

26.     Produce documents that in any way refer, reflect, or relate to the proper method of handling claims involving those medical conditions specified with the Plaintiff's claim and those conditions assessed by your or your employees or consultants.  This response should include those documents used by your employees to evaluate the Plaintiff's medical condition; and studies you have undertaken with respect to the nature, treatment and care of the Plaintiff's medical condition.

**RESPONSE: LINA objects to this Request on the grounds that it is overly broad and seeks irrelevant, confidential and proprietary documents not related to Plaintiff's claim for long-term disability benefits under the heightened arbitrary and capricious standard of review.  Without waiver of the foregoing objections, LINA states that any documents "used by [its] employees to evaluate the Plaintiff's medical condition" have been previously produced in connection with LINA's Rule 26 Initial Disclosures.**

27.     Produce the customer profiles/account management database documents referring or relating in any way to the Plaintiff's claim or the group policies.

**RESPONSE: LINA objects to this Request on the grounds that it is vague, overly broad and seeks irrelevant, confidential and proprietary documents not related to Plaintiff's claim for long-term disability benefits under the heightened arbitrary and capricious standard of review.**

28.    Produce any and all documents referring or relating in any way to the Plaintiff's claim or the manner in which the Plaintiff's claim is to be managed.

**RESPONSE: LINA objects to this Request on the grounds that it is overly broad and to the extent it seeks information protected by the attorney client-privilege or attorney work product doctrine. Without waiver of the foregoing objections, LINA states that it previously produced its claims file in connection with its Rule 26 Initial Disclosures.**

29.    Produce and identify by Bates number every medical report referencing or referring to the Plaintiff. This response should include any internal memorandum regarding the Plaintiff's claims to include any documentation generated by your agents or employees reviewing information pertaining to the Plaintiff's application for benefits.

**RESPONSE: LINA objects to this Request on the grounds that it is overly broad, compound and duplicative of Request No. 4. *See* LINA's Response to Request No. 4.**

30.    Produce any documentation detailing the amount of reserves assigned to the Plaintiff's claim to include any documentation of the amount of benefits to be paid on the Plaintiff's claims.

**RESPONSE: LINA objects to this Request on the grounds that it seeks confidential and proprietary information and information protected by the attorney–client privilege and attorney work product doctrine. LINA further objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted lawsuit subject to a heightened arbitrary and capricious standard of review.**

31.    Produce copies of all computer database documents that refer or relate to Plaintiff and were not placed into the Plaintiff's claim file, especially those documents that indicate policies and procedures to be utilized in the adjudication of the Plaintiff's claim.

**RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. LINA reserves the right to assert further objections.**

32.    Produce all records detailing your document retention policy with regard to what documents are to be maintained with the claim file, what documents are to be maintained in other databases, or other files, what documents are to be produced in response to requests for production, and what documents are to be destroyed.

**RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. LINA reserves the right to assert further objections.**

33.    In responding to these requests for production, if you have, by way of reference to a general objection or by offering a specific objection to any individual request, claimed a right to protection from discovery of certain documents by operation of the attorney-client privilege, the work product doctrine, or any other privilege afforded under law, please state the following with respect to each such document for which said privilege is asserted:

(a)    The date of the document;

01552447.1                    15

RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. LINA reserves the right to assert further objections.

    (b)    The author(s) of the document;

RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. LINA reserves the right to assert further objections.

    (c)    Each addressee or recipient of the document including carbon copy and blind copyholders;

RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. LINA reserves the right to assert further objections.

    (d)    The factual basis for your privilege claimed;

RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. LINA reserves the right to assert further objections.

    (e)    The specific privilege claimed; and

01552447.1

16

RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. LINA reserves the right to assert further objections.

(f)    The location of the document.

RESPONSE: LINA objects to this Request on the grounds that it seeks to impose obligations beyond those agreed to by the parties in their Report of Parties Planning Meeting filed on August 17, 2007 and expressly incorporated in the Court's Uniform Scheduling Order of August 21, 2007. LINA reserves the right to assert further objections.

_Grace R. Murphy_
William B. Wahlheim, Jr
John David Collins
Grace Robinson Murphy

Attorneys for Defendant Life Insurance
Company of North America

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue, North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

01552447.1                    17

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons via U.S. Mail this the 4th day of January, 2008.

Thomas O. Sinclair, Esq.
Jenifer Champ Wallis, Esq.
Campbell, Gidiere, Lee, Sinclair, & Williams
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

Grace R. Murphy
Of Counsel

01552447.1                                18