IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY CLEILAND,<br><br>　　Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, TEMPLE-INLAND DISABILITY HEALTH AND WELFARE PLAN, and TEMPLE INLAND FOREST PRODUCTS CORPORATION,<br><br>　　Defendants. | CIVIL ACTION NO.<br>2:07-CV-00486-MEF-SRW |

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL AND MOTION FOR A PROTECTIVE ORDER**

COMES NOW Defendant Life Insurance Company of North America ("LINA"), by and through its counsel, and hereby responds to Plaintiff's Third Motion to Compel and moves for a protective order on Plaintiff's Request for "[LINA's] manuals, documents and guidelines outlining the manner in which it is to investigate or handle claims for long term disability benefits."

**Introduction**

This ERISA action arises out of a dispute over entitlement to long-term disability benefits under an insurance policy issued by LINA to Plaintiff's former employer, TIN, Inc. Plaintiff concedes that this action will be governed by the heightened arbitrary and capricious standard of review. *See* Plaintiff's Third Motion to Compel [Doc. 34] at 1. Under that standard of review, this Circuit has limited the allowable discovery to the Administrative Record, documents before the claims administrator when it made its decision. LINA's objections to Plaintiff's request for "all of its manuals, documents and guidelines outlining the manner in which it is to investigate or

1

handle claims for long term disability benefits" were well-founded and conform with Eleventh Circuit law on this subject. Moreover, Plaintiff is not entitled to these confidential and proprietary documents without a sufficient showing of need. Accordingly, this Court should deny Plaintiff's Third Motion to Compel and enter a protective order in LINA's favor with respect to its internal clams manuals and guidelines.

## Argument

A. **The Scope of Discovery in ERISA cases, Including Cases Like This One Subject to a Heightened Arbitrary and Capricious Standard of Review, is Highly Limited.**

When applying the heightened arbitrary and capricious standard of review, the Eleventh Circuit and district courts within the Eleventh Circuit overwhelmingly limit their review to the administrative record. *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321 (11th Cir. 2001) (affirming the rule of *Jett v. Blue Cross and Blue Shield of Alabama*, 890, F 2d 1137, 1139 (11th Cir. 1989) and *Lee v. Blue Cross Blue Shield of Alabama*, 10 F.3d 1547, 1549 (11th Cir. 1994) in heightened arbitrary and capricious standard of review cases); *Menard v. Hartford Life and Accident Insurance Company*, 2007 U.S. App. LEXIS 29719, *2-3 (11th Cir. Dec. 21, 2007) (reversing district court judgment based in part on extra-record evidence and remanding with instructions to court to "confine its review to the administrative record before Hartford Life at the time of its final denial decision."); *see also Buckley v. Metro. Life*, 115 F.3d 936, 941 (11th Cir. 1997) (declining to consider affidavits not presented to administrator at time of its decision); *Richards v. Hartford Life & Accident Ins. Co.*, 153 Fed. Appx. 694, 696 n.1 (11th Cir. 2005) (unpublished); *see also Wilcox v. The Standard Ins. Co.*, 340 F. Supp. 2d 1266, 1281-82 (N.D. Ala. 2004) (denying motion to allow additional evidence and finding that the court, in applying the heightened arbitrary and capricious standard, is limited to the information before the plan administrator at the time the decision was made to terminate plaintiff's claim and through the

administrative appeals process); *Pace v. Liberty Life Assur. of Boston*, 2006 U.S. Dist. LEXIS 43949, *2-3 (S.D. Ala. 2006).

Even though Plaintiff concedes that this ERISA-preempted lawsuit is subject to the heightened arbitrary and capricious standard of review, she nevertheless continues to try and introduce documents outside the Administrative Record. *See* Plaintiff's Third Motion to Compel [Doc. 34] at 1. LINA objected to the production of these documents on the basis that Plaintiff's requests were overly broad, not reasonably calculated to lead to the discovery of admissible evidence in this ERISA preempted lawsuit subject to a heightened arbitrary and capricious standard of review, and sought confidential and proprietary documents without a sufficient showing of need. *See* Ex. B to Plaintiff's Third Motion to Compel. In fact, as an example of Plaintiff's overly broad requests, one of Plaintiff's Requests (No. 28) sought "any and all documents referring or relating in any way to the Plaintiff's claim…" Ex. B to Plaintiff's Third Motion to Compel. With respect to "policies" sought by Plaintiff, LINA has already produced the primary policy at issue in this case. *See* Ex. B, Response to Request No. 10; AR at 480-515. In addition, LINA produced its entire 1088 page claims file in connection with its Initial Disclosures, which included correspondence on Plaintiff's claims, internal reviews, medical records, forms, the Policy and the electronic claims diary. Most of Plaintiff's Requests were appropriately responded to by referring Plaintiff to this previously produced Administrative Record, including Request No. 26 that sought "those documents used by your employees to evaluate the Plaintiff's medical condition." Plaintiff's fishing expedition for all of LINA's "manuals, documents and guidelines" must be stopped, especially in light of both the strict standard of review applicable to this case and the confidential nature of the documents sought.

**B.    Any Attempt by Plaintiff to Introduce Additional Evidence by Relying on LINA's Dual Role as an Insurer and Administrator Must Fail.**

In the event Plaintiff seeks these documents on the issue of a possible "taint of self-interest" because LINA also insures the applicable LTD Policy, case law instructs that the question of whether the presumed conflict under *Williams v. Bellsouth*, 373 F.3d 1132, 1138 (11th Cir. 2004), actually influenced the claims decision at issue can be answered from the administrative record itself.  *See Wise v. Hartford Life and Accident Ins. Co.*, 360 F. Supp. 2d. 1310 (N.D. Ga. 2005).  The *Wise* case determined that when the question is primarily factual, *i.e.* whether or not Plaintiff was disabled, then the question of whether an insurer's claims decision was "tainted" by the conflict of interest can be resolved from the four corners of the administrative record.  The Court in *Wise* stated:

> [t]he Court concludes that a conflicted plan administrative may carry its burden in a suit challenging a "wrong but reasonable" factual determination if it can demonstrate that the opinions and evidence it relied on in denying the plaintiff's claim were, viewed both from a qualitative and quantitative perspective, at least as objectively reliable as the countervailing opinions and evidence then before it.  By demonstrating that it chose to follow what it reasonably perceived as equally or more objectively reliable data, the insurer substantially ameliorates any fears that its decision was motivated by self-interest rather than by a good faith effort to exercise its discretion to interpret and apply the plan.

*Id.* at 1323.  Thus, as this Court can analyze the question of conflict by weighing the objective data (from both a qualitative and a quantitative perspective) from the Administrative Record, Plaintiff cannot justify using LINA's presumed conflict of interest to obtain its proprietary claims manuals and guidelines.  Plaintiff's request should be rejected as an onerous and unnecessary measure in this simple ERISA case – to rule otherwise would frustrate the legislative mandate of ERISA which was to promote the inexpensive and expedient handling of claims.

As summary judgment briefing on this case has come to a close and the parties have already laid out their arguments over whose position is more qualitatively and quantitatively reasonable, requiring proof of confidential and proprietary information outside the Administrative Record is an excessive and prejudicial exercise.  Indeed, LINA already met its burden under the Federal Rules of Civil Procedure and prevailing ERISA case law by voluntarily presenting to Plaintiff a complete copy (all 1088 pages) of the Administrative Record, including the insurance contract at issue, in connection with LINA's Rule 26 Initial Disclosures.

## CONCLUSION

Binding Eleventh Circuit authority, including cases from within this District, establish that, under the heightened arbitrary and capricious standard of review, the evidence to be considered by the Court is limited to that which was before LINA at the time its benefits determination was made.  Plaintiff's Motion to Compel seeking "all of [LINA's] manuals, document and guidelines outlining the manner in which it is to investigate or handle claims for long term disability benefits" seeks to expand upon issues of fact previously determined by the administrator.  Not only is the information Plaintiff seeks through this Motion to Compel impermissible, it is proprietary and confidential and Plaintiff has not demonstrated a sufficient showing of need, especially in light of LINA's prior production of its 1088 page claims file. Plaintiff's Motion to Compel the production of LINA's internal guidelines, rules and procedures should be denied based on binding precedent and the current posture of this case (post-summary judgment briefing).  Furthermore, LINA's Motion for a Protective Order to safeguard against the requested production should be granted.

Respectfully submitted this 6th day of March, 2008.

s/ Grace Robinson Murphy
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
Attorneys for Defendants
Life Insurance Company of North America,
Temple Inland Disability Health and
Welfare Plan and TIN, Inc.

**OF COUNSEL**:
MAYNARD, COOPER AND GALE, P.C.
1901 6th Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Thomas O. Sinclair
      Jenifer Champ Wallis

      s/ Grace Robinson Murphy.
      OF COUNSEL